J-S10041-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| NATHAN KASSIEM ROBINSON, | |
| Appellant | No. 2333 EDA 2015 |

Appeal from the PCRA Order June 18, 2015
in the Court of Common Pleas of Northampton County
Criminal Division at No.: CP-48-CR-0002518-2007

BEFORE:  GANTMAN, P.J., BENDER, P.J.E., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:　　　　　　　　**FILED FEBRUARY 03, 2016**

Appellant, Nathan Kassiem Robinson, appeals from the court's denial of his serial petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546, as untimely.  We affirm.

On February 6, 2008, a jury convicted Appellant of one count each of possession with intent to deliver (PWID) and possession of drug paraphernalia.[1]  The court sentenced Appellant to an aggregate term of not less than sixty-three nor more than 126 months' incarceration, which included a mandatory minimum for the PWID conviction.  The trial court

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 35 P.S. §§ 780-113(a)(30) and (32), respectively.

denied Appellant's post-trial motion and motion for reconsideration. Appellant filed a direct appeal, which he withdrew on December 16, 2008.

On January 26, 2009, Appellant filed a first *pro se* PCRA petition.[2] On February 4, 2009, the court appointed counsel who filed a **Turner**/**Finley**[3] no-merit letter on April 3, 2009. On April 13, 2009, the court denied Appellant's petition. On April 27, 2009, Appellant timely appealed *pro se* while still represented by counsel. In light of the "procedural quagmire caused by this textbook case of hybrid representation," this Court vacated the PCRA court's order denying the first petition and remanded for further proceedings on July 20, 2010. (**See Commonwealth v. Robinson**, No. 1221 EDA 2009, unpublished memorandum at *8 (Pa. Super. filed 2010)). After remand, the PCRA court again denied the first petition on November 12, 2010. This Court affirmed the denial on July 3, 2013. (**See Commonwealth v. Robinson**, 82 A.3d 1053 (Pa. Super. 2013) (unpublished memorandum)).

---

[2] The history of Appellant's first PCRA petition is a procedural quagmire caused by Appellant's filing of myriad *pro se* documents while represented by counsel. (**See Robinson**, *infra*, No. 1221 EDA 2009, at *3-*8). Therefore, we present only the relevant facts, which we take from this Court's July 20, 2010 memorandum and our independent review of the record.

[3] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

On February 13, 2015, Appellant filed the instant PCRA petition. On February 19, 2015, the court appointed counsel. Following a conference held on April 10, 2015, the court denied Appellant's petition as untimely on June 18, 2015. Appellant timely appealed.[4]

Appellant raises two questions for this Court's review:

1.     [Whether] the PCRA court erred by finding that the petition was untimely and that the exception to the one-year limit was not met where [Appellant] was prevented from discovering his claim until the legal resource[s] at the state correctional institution were updated[?]

2.     [Whether] the PCRA court erred in holding that [Appellant] was not entitled to relief from an illegal sentence because he attacked the mandatory minimum in the context of a collateral attack through a PCRA petition[?]

(Appellant's Brief, at 6) (some capitalization omitted).

This Court examines PCRA appeals in the light most favorable to the prevailing party at the PCRA level. Our review is limited to the findings of the PCRA court and the evidence of record[.] Additionally, [w]e grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. In this respect, we will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. However, we afford no deference to its legal conclusions. [W]here the petitioner raises questions of law, our standard of review is *de novo* and our scope of review is plenary.

---

[4] Pursuant to the PCRA court's order, Appellant filed a timely concise statement of errors complained of on appeal on July 24, 2015. *See* Pa.R.A.P. 1925(b). The court filed an opinion on July 27, 2015, in which it relied on the reasons stated in its June 18, 2015 opinion. *See* Pa.R.A.P. 1925(a).

*Commonwealth v. Henkel*, 90 A.3d 16, 20 (Pa. Super. 2014), *appeal denied*, 101 A.3d 785 (Pa. 2014) (citations and quotation marks omitted).

Here, the PCRA court found that Appellant's petition was untimely and that he failed to plead and prove any exception to the PCRA time-bar. (**See** Order, 6/18/15). We agree.

It is well-settled that:

> A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence became final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S.[A.] § 9545(b)(1). A judgment becomes final at the conclusion of direct review by this Court or the United States Supreme Court, or at the expiration of the time for seeking such review. 42 Pa.C.S.[A.] § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional; therefore, a court may not address the merits of the issues raised if the petition was not timely filed. The timeliness requirements apply to all PCRA petitions, regardless of the nature of the individual claims raised therein. The PCRA squarely places upon the petitioner the burden of proving an untimely petition fits within one of the three exceptions.

*Commonwealth v. Jones*, 54 A.3d 14, 16-17 (Pa. 2012) (case citations and footnote omitted).

In the case *sub judice*, Appellant's judgment of sentence became final on December 16, 2008, at the time he withdrew his appeal in this Court. **See Commonwealth v. Conway**, 706 A.2d 1243, 1244 (Pa. Super. 1997) (observing that "[a]ppellant's judgment of sentence became final when his direct appeal was discontinued at his request."); **see also** 42 Pa.C.S.A. § 9545(b)(3). Therefore, he had one year from that date to file a petition for collateral relief unless he pleaded and proved that a timeliness exception

- 4 -

applied. **See** 42 Pa.C.S.A. §§ 9545(b)(1)(i)-(iii). Hence, Appellant's current petition, filed on February 13, 2015, is untimely on its face, and we lack jurisdiction to consider its merits, unless he pleads and proves one of the statutory exceptions to the time-bar.

Section 9545 of the PCRA provides only three exceptions that allow for review of an untimely PCRA petition: (1) the petitioner's inability to raise a claim because of governmental interference; (2) the discovery of previously unknown facts that would have supported a claim; and (3) a newly-recognized constitutional right. **See id.** When a petition is filed outside the one-year time limit, petitioners must plead and prove the applicability of one of the three exceptions to the PCRA timing requirements. **See Commonwealth v. Johnston**, 42 A.3d 1120, 1126 (Pa. Super. 2012) ("If the petition is determined to be untimely, and no exception has been pled and proven, the petition must be dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition.") (citation omitted). Also, a PCRA petition invoking one of these statutory exceptions must "be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

Here, although not phrased as such, Appellant is attempting to claim the applicability of the newly recognized constitutional right exception. (**See** Appellant's Brief, at 9-13); **see also** 42 Pa.C.S.A. § 9545(b)(1)(iii). Specifically, he argues that the United States Supreme Court's reasoning in

*Alleyne v. United States*, 133 S.Ct. 2151 (2013), should be applied to his case. (*See* Appellant's Brief, at 9-13). However, this claim is unavailing because Appellant has failed to plead and prove the applicability of Section 9545(b)(1)(iii).

It is well-settled that:

> Subsection (iii) of Section 9545(b)(1) has two requirements. First, it provides that the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or th[e Pennsylvania Supreme C]ourt after the time provided in this section. Second, it provides that the right "has been held" by "that court" to apply retroactively. **Thus, a petitioner must prove that there is a "new" constitutional right and that the right "has been held" by that court to apply retroactively . . . to cases on collateral review.**

*Commonwealth v. Leggett*, 16 A.3d 1144, 1147 (Pa. Super. 2011) (citation omitted) (emphasis in original).

In *Alleyne*, the Supreme Court of the United States held that "facts that increase mandatory minimum sentences must be submitted to the jury" and must be found beyond a reasonable doubt. *Alleyne*, *supra* at 2163. "The *Alleyne* decision, therefore, renders those Pennsylvania mandatory minimum sentencing statutes that do not pertain to prior convictions constitutionally infirm insofar as they permit a judge to automatically increase a defendant's sentence based on a preponderance of the evidence standard." *Commonwealth v. Watley*, 81 A.3d 108, 117 (Pa. Super. 2013) (*en banc*), *appeal denied*, 95 A.3d 277 (Pa. 2014) (footnote omitted).

In his first issue, Appellant argues that his sentence is illegal[5] because **Commonwealth v. Fennell**, 105 A.3d 13 (Pa. Super. 2014), *appeal denied*, 121 A.3d 494 (Pa. 2015), and **Commonwealth v. Thompson**, 93 A.3d 478 (Pa. Super. 2014), created a new constitutional right when they applied **Alleyne** to the mandatory minimum statute under which he was sentenced, and declared it unconstitutional. (**See** Appellant's Brief, at 9). Although he observes that the cases were filed on November 21, 2014 and May 22, 2014, respectively, he argues that the failure to file his PCRA petition within sixty days of these decisions should be excused because the update to the prison's legal resources are only performed periodically and he was unable to discover them until January 2015. (**See id.**). Appellant's first issue does not merit relief.

It is well-settled that ignorance of the law does not excuse a petitioner's failure to file his petition within sixty days of the filing of the judicial decision which he claims established a newly-recognized constitutional right. **See Commonwealth v. Brandon**, 51 A.3d 231, 235 (Pa. Super. 2012) (observing that "[n]either the court system nor the

_____

[5] We first observe that, although Appellant argues that his issue is non-waivable because it challenges the legality of his sentence, (**see** Appellant's Brief, at 9), we observe: "[T]hough not technically waivable, a legality [of sentence] claim may nevertheless be lost should it be raised . . . in an untimely PCRA petition for which no time-bar exception applies, thus depriving the [C]ourt of jurisdiction over the claim. . . ." **Miller**, **supra** at 995 (citation omitted). Therefore, Appellant's argument in this regard lacks merit.

correctional system is obliged to educate or update prisoners concerning changes in case law.") (citation omitted). Therefore, Appellant's first claim fails on this basis.

Moreover, we observe that:

. . . [T]he language of section 9545(b)(1)(iii) does not contemplate that a decision of [the Superior] Court . . . may provide the basis for an exception to the time-bar. Rather, the new constitutional right must have been recognized in a decision of either the Supreme Court of the United States or the Supreme Court of Pennsylvania.

*Id.* at 235-36 (citation omitted).

We note that both *Fennell* and *Thompson* are Superior Court cases, and therefore they cannot form the basis for the newly recognized constitutional right exception, even if Appellant timely filed a petition based on them. *See id.*; *see also* 42 Pa.C.S.A. § 9545(b)(1)(iii). In fact, the cases did not actually recognize a new constitutional right, but merely applied *Alleyne* to their facts. *See, e.g.*, *Fennell*, *supra* at 19-20; *Thompson*, *supra* at 493-94. Therefore, Appellant's first claim fails on these bases as well.[6]

---

[6] Appellant mentions governmental interference, (*See* Appellant's Brief, at 2), but to the extent he is attempting to raise such a claim, it would not merit relief because he does not provide any law or discussion in support of it, and, in any event, prison employees are not under a duty "to update prisoners concerning changes in case law." *Brandon*, *supra* at 235; *see* Pa.R.A.P. 2119(a)-(b).

In his second issue, Appellant maintains that the PCRA court erred in finding that he was not entitled to relief because he challenged his mandatory minimum sentence pursuant to *Alleyne* on collateral review. (*See* Appellant's Brief, at 6, 11-13). Appellant's claim lacks merit.

In considering whether *Alleyne* provides an exception to the PCRA time-bar, this Court has observed that:

> Even assuming that *Alleyne* did announce a new constitutional right, neither our Supreme Court, nor the United States Supreme Court has held that *Alleyne* is to be applied retroactively to cases in which the judgment of sentence had become final. This is fatal to Appellant's argument regarding the PCRA time-bar.

*Commonwealth v. Miller*, 102 A.3d 988, 995 (Pa. Super. 2014) (citations and footnote omitted); *see also Commonwealth v. Riggle*, 119 A.3d 1058, 1067 (Pa. Super. 2015) (holding "*Alleyne* is not entitled to retroactive effect in th[e] PCRA setting.").

Therefore, Appellant's reliance on *Alleyne* is fatal to his claim. *See Miller*, *supra* at 995. Hence, his second issue fails.

Accordingly, because Appellant failed to plead and prove the applicability of a PCRA timeliness exception, we conclude that the PCRA court properly dismissed his untimely petition without a hearing on the basis that it lacked jurisdiction. *See Henkel*, *supra* at 20; *Johnston*, *supra* at 1126.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/3/2016