**COMMONWEALTH of Pennsylvania**

v.

**Michael CONWAY, Appellant.**

Superior Court of Pennsylvania.

Submitted July 28, 1997.

Filed Dec. 17, 1997.

Michael Conway, appellant, pro se.

AnnMarie Kaiser, Assistant District Attorney, Harrisburg, for Commonwealth, appellee.

Before JOHNSON, HUDOCK and SAYLOR, JJ.

SAYLOR, Judge:

Appellant, Michael Conway, appeals from the order of the Court of Common Pleas of Dauphin County dismissing his second petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. § 9541 *et seq.* We affirm.

On August 4, 1992, Appellant pled guilty to multiple counts of receiving stolen property and was sentenced to an aggregate term of imprisonment of four to ten years. After taking a timely appeal to the Superior Court, Appellant filed a praecipe to discontinue the appeal, and accordingly the appeal was discontinued on or about November 18, 1992. Appellant then filed his first PCRA petition. The trial court dismissed the petition, and the Superior Court affirmed the trial court's order.

On January 17, 1996, Appellant filed a second PCRA petition. The trial court denied the petition, and this appeal followed. Appellant, proceeding *pro se,* argues that prior counsel was ineffective in failing to 1) challenge the factual basis of the plea, 2) challenge the plea as not having been knowingly and voluntarily entered, and 3) argue to the trial court the issue of credit for time served.

Appellant's second petition is governed by the provisions of the PCRA as amended November 17, 1995, effective in 60 days. Amended section 9545(b) provides in pertinent part as follows:

(1) Any petition under this subchapter, **including a second or subsequent petition,** shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

. . .

(3) For purposes of this subchapter, a judgment becomes final at the conclusion of direct review . . . or at the expiration of time for seeking the review.

(4) For purposes of this subchapter, "government officials" shall not include defense counsel, whether appointed or retained.

42 Pa.C.S.A. § 9545(b) (emphasis added). Appellant's judgment of sentence became final when his direct appeal was discontinued at his request. Appellant's second PCRA petition was filed more than three years after that date and does not fall within any of the exceptions set forth in section 9545(b)(1). Therefore, the second petition was untimely.

Moreover, even if we were to assume that Appellant's third claim of ineffectiveness constitutes a non-waivable challenge to the legality of the sentence, *see Commonwealth v. Perry,* 386 Pa.Super. 534, 563 A.2d 511 (1989), we would nevertheless conclude that the claim is meritless. During sentencing the trial court, after having been informed that there was an issue concerning credit for time served, stated to Appellant that "to the extent you haven't received credit for any of that time served you do get credit for this sentence." The docket entries for the case at No. 2749 CD 1991 (one of the two cases which had been consolidated in the trial court) include the following: "credit for time served 9–9–91 to 12–18–91." Therefore, this claim, even if properly before us, would not entitle Appellant to relief.

Order affirmed.