J. S03013/15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| DARNELL ROBINSON, | : | No. 1337 EDA 2014 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order, April 21, 2014,
in the Court of Common Pleas of Philadelphia County
Criminal Division at Nos. CP-51-CR-0001783-2009,
CP-51-CR-0005926-2007, CP-51-CR-0013595-2008,
CP-51-CR-0013596-2008, CP-51-CR-0015097-2008

BEFORE:  FORD ELLIOTT, P.J.E., PANELLA AND OTT, JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED MARCH 10, 2015**

Appellant, Darnell Robinson, appeals, ***pro se***, the order of the Court of Common Pleas of Philadelphia County, dismissing his second petition brought under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  After careful review, we affirm.

On June 23, 2009, appellant pled guilty to charges of attempted murder, four counts of aggravated assault, robbery, four counts of criminal conspiracy, and four violations of the Uniform Firearms Act, stemming from four separate shooting incidents that occurred over a period of approximately two years, between August 2006 and June 2008.  At sentencing, appellant completed both a written colloquy and a two-day verbal colloquy.  Appellant was sentenced to 22 to 48 years' imprisonment.

Appellant filed a direct appeal which was subsequently withdrawn. Thereafter, appellant filed a timely first PCRA petition on October 29, 2009, in which he raised the ineffectiveness of guilty plea counsel allegedly resulting in appellant entering an unknowing, unintelligent, and involuntary plea. Following an evidentiary hearing, the PCRA court dismissed the petition on June 20, 2011. This court affirmed the PCRA court, and our supreme court denied review. *Commonwealth v. Robinson*, 46 A.3d 805 (Pa.Super. 2012) (unpublished memorandum), *appeal denied*, 48 A.3d 1248 (Pa. 2012).

In this second PCRA petition filed on July 23, 2013, appellant reiterates his ineffectiveness claims against trial counsel and layers these claims by alleging his appellate counsel was ineffective. On March 25, 2014, the PCRA court filed a Pa.R.Crim.P. 907 notice advising appellant of its intention to dismiss appellant's petition as untimely. On April 15, 2014, the PCRA court dismissed appellant's second PCRA petition. This appeal followed.

Our standard of review for an order denying post-conviction relief is whether the record supports the PCRA court's determination, and whether the PCRA court's determination is free of legal error. *Commonwealth v. Franklin*, 990 A.2d 795, 797 (Pa.Super. 2010). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. *Id.*

A PCRA petition must be filed within one year of the date that the judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). This time requirement is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition. *Commonwealth v. Taylor*, 933 A.2d 1035, 1038 (Pa.Super. 2007), *appeal denied*, 951 A.2d 1163 (Pa. 2008).

On October 29, 2009, appellant withdrew his direct appeal; therefore, appellant's judgment of sentence became final on that date. *See Commonwealth v. Conway*, 706 A.2d 1243, 1244 (Pa.Super. 1997) (judgment of sentence becomes final when direct appeal is discontinued). As appellant's second PCRA petition was not filed until approximately four years after his judgment of sentence became final, it is patently untimely. *See* 42 Pa.C.S.A. § 9545(b)(1). A second or subsequent PCRA petition must be filed within one year of the date the judgment becomes final unless the petition alleges, and petitioner proves, that an exception to the time for filing the petition is met. *See* 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

Appellant attempts to invoke the "after-discovered facts exception" under 42 Pa.C.S.A. § 9545(b)(1)(ii) on the grounds that appellate counsel "abandoned" him by unreasonably withdrawing the direct appeal and filing a PCRA petition. In order to invoke an after-discovered facts timeliness exception, petitioner must establish that (1) the facts upon which the claim was predicated were unknown, and (2) the facts could not have been

ascertained by the exercise of due diligence. ***Commonwealth v. Bennett***, 930 A.2d 1264, 1272 (Pa. 2007). Any petition invoking a timeliness exception must be filed within 60 days of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2).

The PCRA court addressed appellant's claim as follows:

> [Appellant] was notified on several occasions that appellate counsel was challenging trial counsel's effectiveness through a PCRA petition, which is the appropriate route, rather than through a direct appeal. Appellate counsel's October 28, 2009 and July 24, 2012 letters, as well as the evidentiary hearing at which [appellant] testified, each provided separate and effective notification of the allegedly "unknown" fact that his counsel was pursuing a PCRA petition rather than a direct appeal. Nevertheless, [appellant] failed to plead the alleged "unknown facts" within 60 days, and instead filed much later on July 23, 2013.

> [Appellant] has not specified any other purported failures of appellate counsel that were allegedly unknown to him, nor has he explained how he attempted, through the exercise of due diligence, to obtain any other information which was kept from him.

> In addition to failing to plead the "unknown facts" exception within 60 days of the date the claim could have been presented, [appellant] has not set forth a valid claim that appellate counsel "abandoned" him. . . . [Appellant's] claim that appellate counsel's withdrawal of the direct appeal in favor of a PCRA prejudiced [appellant] and constituted "abandonment" is unfounded because a PCRA is the only appropriate means for pursuing claims of counsel ineffectiveness on appeal. The record shows that appellate counsel did not abandon [appellant], but rather timely filed an ineffectiveness claim through the only appropriate vehicle, a PCRA

> petition, and communicated with [appellant] before and after that petition was filed. [Appellant] had a full review of that claim, including an evidentiary hearing where he participated. [Appellant] failed to meet the timeliness requirements and failed to show that an exception to those requirements applies in his case. [Appellant] knew his appellate counsel was pursuing his claims and failed to complain about appellate counsel's conduct until long after the expiration of the 60-day period during which a timeliness exception may be pled.

PCRA court opinion, 6/19/14 at 6-7 (citations omitted).

Based on the above, we conclude appellant has not shown that he is entitled to relief under Section 9545(b)(1)(ii).

Appellant raises several other claims alleging ineffectiveness of appellate counsel. Here, appellant's second PCRA petition is facially untimely and does not fall under an exception to the time requirements of the PCRA. We note appellate counsel filed a timely first PCRA petition alleging ineffective assistance of trial counsel. Following a hearing, the PCRA court found trial counsel was not ineffective and appellant's guilty plea was knowing, intelligent, and voluntary. Once these claims against appellant's trial counsel were decided against appellant, his layered claims of alleged ineffectiveness against appellate counsel by extension had no merit. *See Commonwealth v. Burkett*, 5 A.3d 1260, 1270 (Pa.Super. 2010) ("when a prior collateral proceeding has determined that a petitioner has not suffered prejudice due to trial counsel's actions, a layered claim of ineffectiveness

must necessarily fail since the underlying issue of trial counsel's ineffectiveness has previously been determined against the petitioner").

Accordingly, we affirm the order of the PCRA court.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/10/2015