J-S32042-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| RANDOLPH J. SCOTT, II, | : | |
| | : | |
| Appellant | : | No. 116 WDA 2015 |

Appeal from the PCRA Order entered on December 11, 2014
in the Court of Common Pleas of Mercer County,
Criminal Division, No. CP-43-CR-0001847-2010

BEFORE:  SHOGAN, OLSON and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                        **FILED JUNE 24, 2015**

Randolph J. Scott, II, ("Scott") appeals, *pro se*, from the Order dismissing his second Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").  **See** 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

On December 4, 2010, Scott was arrested after forcing his way into a residence and firing a semi-automatic weapon.  He was charged with attempted criminal homicide, aggravated assault, recklessly endangering another person, terroristic threats, possession of an instrument of crime, possession of a firearm prohibited, discharge of a firearm into an occupied structure and firearm not to be carried without a license.  On May 3, 2011, Scott pled guilty to possession of a firearm prohibited and firearm not to be carried without a license, in exchange for the Commonwealth *nolle prossing* the remaining charges against him.  Because the parties did not agree to a

sentence as part of the plea, Scott was notified that the court would decide whether his sentences would run concurrently or consecutively.

Subsequently, on June 1, 2011, the trial court sentenced Scott to a prison term of five to ten years on the possession of a firearm prohibited conviction and a consecutive prison term of two and one-half to five years on the firearm not to be carried without a license conviction. Scott filed a timely Notice of Appeal, which was discontinued on July 18, 2011.

On July 20, 2011, Scott filed his first PCRA Petition. The PCRA court appointed Scott counsel. Notwithstanding being informed of the consequences of withdrawal, Scott withdrew his first PCRA Petition.

Scott filed the instant PCRA Petition, *pro se*, on October 29, 2014. After filing a Notice of Intention to Dismiss, the PCRA court dismissed Scott's Petition as untimely filed. Thereafter, Scott filed a timely Notice of Appeal.

Our standard and scope of review of a PCRA court's denial of PCRA relief is limited to determining whether the PCRA court's findings are supported by the evidence of record and its conclusions are without legal error. **Commonwealth v. Medina**, 92 A.3d 1210, 1214 (Pa. Super. 2014).

Under the PCRA, a petition, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the

expiration of time for seeking the review." ***Id.*** § 9545(b)(3). Timeliness of a PCRA petition is a jurisdictional requirement. ***Commonwealth v. Abu-Jamal***, 941 A.2d 1263, 1267-68 (Pa. 2008).

In this case, Scott's judgment of sentence became final when Scott discontinued his direct appeal on July 18, 2011. ***See Commonwealth v. Conway***, 706 A.2d 1243, 1244 (Pa. Super. 1997) (stating that "[a]ppellant's judgment of sentence became final when his direct appeal was discontinued at his request."). Thus, Scott had until July 18, 2012, to file a timely PCRA petition. Scott's October 29, 2014 Petition was facially untimely.

However, Pennsylvania courts may consider an untimely PCRA petition if the appellant can explicitly plead and prove one of three exceptions: (i) interference by government officials in violation of the appellant's constitutional rights; (ii) the discovery of facts unknown to the appellant, which could not have been previously ascertained with due diligence; or (iii) the assertion of a constitutional right recognized by the United States Supreme Court or the Supreme Court of Pennsylvania, where the Court's decision was rendered after the appellant's deadline for a timely petition, and was held to apply retroactively. 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). A petition invoking one or more of these exceptions must be filed within sixty days of the date the claim could first have been presented. ***Id.*** § 9545(b)(2).

Scott presents various claims of ineffectiveness of counsel for our review. Such allegations do not meet the statutory requirements for an exception to the PCRA's timeliness bar. *See Commonwealth v. Wharton*, 886 A.2d 1120, 1127 (Pa. 2005) (stating that "[i]t is well settled that allegations of ineffective assistance of counsel will not overcome the jurisdictional timeliness requirements of the PCRA."). Moreover, Scott's claim regarding the withdrawal of his guilty plea due to the imposition of consecutive sentences does not assert an exception to the PCRA's timeliness requirements. Due to Scott's failure to overcome the timeliness requirements of the PCRA, we lack jurisdiction to address the merits of his claims. *Abu-Jamal*, 941 A.2d at 1267-68.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/24/2015