J-S19026-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| FRED  MINOR | |
| Appellant | No. 2515 EDA 2015 |

Appeal from the PCRA Order entered July 8, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0402601-2004

BEFORE:  BENDER, P.J.E., STABILE,and MUSMANNO, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED JUNE 10, 2016**

Appellant, Fred Minor, appeals *pro se* from the July 8, 2015 order entered in the Court of Common Pleas of Philadelphia County, denying his third petition for collateral relief pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The trial court summarized the relevant factual and procedural background in its Rule 1915 opinion, which we adopt here by reference. Trial Court Opinion, 8/19/15, at 1-2.  Briefly, following trial, a jury found Appellant guilty of robbery, aggravated assault, burglary and possessing an instrument of crime in 2004. On October 27, 2004, Appellant timely appealed to the Superior Court.  On March 29, 2005, Appellant withdrew his direct appeal.

Appellant filed his timely first PCRA petition on September 15, 2005. The PCRA court dismissed the petition on June 11, 2007. On appeal, this Court affirmed the dismissal. On April 11, 2011, Appellant filed his second PCRA petition, which was dismissed in December of 2011. Approximately three years later, in October of 2014, Appellant filed the instant petition seeking reatroactive application of **Alleyne**[1] to his sentence. The PCRA court denied the petition, finding it untimely. We agree.

Before we address the merits of Appellant's numerous issues,[2] we must determine whether we can entertain the instant appeal. Appellant acknowledges that his petition is facially untimely because he did not file it within one year of the date on which his judgment of sentence became final. **See** 42 Pa.C.S.A. § 9545(b). Appellant, however, argues his petition qualifies for the timeliness exception set forth in § 9545(b)(1)(iii) because the United States Supreme Court announced a new constitutional right in **Alleyne**. The **Alleyne** Court held: "Any fact that, by law, increases the minimum penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." **Id.** at 2155. On that basis, Appellant argues the application of mandatory minimums to his sentences

---

[1] **Alleyne v. United States**, 133 S. Ct. 2151 (2013).

[2] We note Appellant failed to comply with most, if not all, briefing requirements, which is generally adequate ground for dismissal or quashal of an appeal. **See** Pa.R.A.P. 2101.

pursuant to 42 Pa.C.S.A. § 9712 was illegal. He further argues that our decision in *Commonwealth v. Newman*, 99 A.3d 86, 90 (Pa. Super. 2014) (*en banc*), entitles him to avail himself of § 9545(b)(1)(iii).

We discern two fatal flaws in Appellant's argument. First, Appellant's judgment of sentence became final well before June 17, 2013,[3] the date the United States Supreme Court decided *Alleyne*. In *Newman*, we explained that *Alleyne* will apply to cases pending on direct appeal as of June 17, 2013.[4] *See also Commonwealth v. Miller*, 102 A.3d 988, 995 (Pa. Super. 2014) ("[N]either our Supreme Court, nor the United States Supreme Court has held that *Alleyne* is to be applied retroactively to cases in which the judgment of sentence had become final."). Accordingly, Appellant cannot rely on *Alleyne* to overcome the PCRA's jurisdictional time bar.

---

[3] Appellant's judgment of sentence became final on March 29, 2005, when he withdrew his direct appeal. *See Commonwealth v. Conway*, 706 A.2d 1243, 1244 (Pa. Super. 1997) (judgment of sentence becomes final when direct appeal is discontinued).

[4] Appellant suggested that the "Supreme Court" in *Newman* announced a new rule. The *Newman* decision was handed down by the Superior Court (*en banc*), not the Supreme Court. "There has been some debate amongst the jurists on the Pennsylvania Supreme Court on whether the Superior Court can announce a new rule of law at all." *Commonwealth v. Concordia*, 97 A.3d 366, 369 n.1 (Pa. Super. 2014) (citing *Passarello v. Grumbine*, 87 A.3d 285 (Pa. 2014)). At any rate, *Newman*, as other Superior Court cases interpreting *Alleyne*, does not announce a new constitutional rule, but simply applies the new constitutional rule of procedure announced in *Alleyne*.

Second, Appellant filed the instant petition approximately 15 months after **Alleyne**. The PCRA statute required Appellant to file his petition "within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2); **see also Commonwealth v. Cintora**, 69 A.3d 759, 763 (Pa. Super. 2013) ("To fulfill the 60–day requirement, [a]ppellants needed to file their petitions within 60 days from the date of the court's decision."); **Commonwealth v. Brandon**, 51 A.3d 231, 235 (Pa. Super. 2012) ("the sixty-day period begins to run upon the date of the underlying judicial decision."). Appellant's petition, filed approximately 15 months after United States Supreme Court announced its decision in **Alleyne**, does not qualify. The PCRA court correctly determined that it lacked jurisdiction to entertain Appellant's petition.

Because Appellant's facially untimely petition fails to properly invoke an exception to the timeliness requirements of the PCRA, and because **Alleyne** does not apply retroactively on collateral review, Appellant is not entitled to relief. **Miller, supra; Newman, supra.** Therefore, the trial court properly dismissed Appellant's third PCRA petition. We direct that a copy of the trial court's August 19, 2015 opinion be filed along with this judgment order and attached to any future filings in this case.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/10/2016