J-S47035-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| DARNELL M. CAMPBELL | |
| Appellant | No. 102 MDA 2016 |

Appeal from the PCRA Order December 22, 2015
In the Court of Common Pleas of Franklin County
Criminal Division at No(s): CP-28-CR-0000885-2012

BEFORE: SHOGAN, J., LAZARUS, J., and JENKINS, J.

MEMORANDUM BY LAZARUS, J.: **FILED NOVEMBER 01, 2016**

Darnell M. Campbell appeals from the order, entered in the Court of Common Pleas of Franklin County, dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46. Upon careful review, we affirm.

On January 13, 2014, Campbell entered a guilty plea to one count of possession with intent to deliver cocaine and was sentenced to 54 to 120 months' imprisonment on February 19, 2014. Campbell filed a direct appeal, but withdrew it on March 31, 2014.

On April 22, 2015, Campbell filed a *pro se* PCRA petition,[1] in which he alleged that the trial court had imposed an illegal sentence under the Drug

_____

[1] Several of the documents related to Campbell's April 22, 2015 PCRA petition, including the petition itself, are missing from the certified record.
*(Footnote Continued Next Page)*

Free School Zone Act, 18 Pa.C.S.A. § 6317, which was rendered unconstitutional in light of the decision of the U.S. Supreme Court in **Alleyne v. United States**, 133 S.Ct. 2151 (2012). The Honorable Shawn D. Meyers appointed counsel, who ultimately filed a **Turner**/**Finley**[2] no-merit letter. On July 30, 2015, Judge Meyers issued a Pa.R.Crim.P. 907 notice of intent to dismiss. On August 17, 2015, Campbell filed a *pro se* "Motion for Post Conviction Collateral Relief" in response to the court's Rule 907 notice. On August 31, 2015, Judge Meyers issued an order dismissing Campbell's petition. For reasons which are unclear, and despite having already issued an order dismissing Campbell's PCRA petition, upon receipt of Campbell's August 17, 2015 *pro se* Rule 907 response, Judge Meyers appointed new counsel to represent Campbell and granted counsel 30 days to file either a **Turner**/**Finley** letter or an amended PCRA petition. After receiving an extension of time from Judge Meyers, counsel filed a motion to withdraw and a **Turner**/**Finley** letter on December 9, 2015.

Inexplicably, the matter subsequently was reassigned to the Honorable Angela R. Krom for disposition. Judge Krom determined that Campbell's

---
*(Footnote Continued)* _____

Thus, we rely on the PCRA court's characterization of the contents of those documents. Because we dispose of this matter on jurisdictional grounds, we do not find it imperative to review the original documents. Moreover, Campbell does not dispute the date on which his petition was filed.

[2] **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (en banc).

claim was meritless and, by order dated December 22, 2015, denied relief. This timely appeal follows.

Before we can address the merits of Campbell's claim, we must first determine whether his PCRA petition was timely filed. Although neither the trial court nor the Commonwealth raised this issue, "it is well-settled that we may raise it *sua sponte* since a question of timeliness implicates the jurisdiction of our Court." **Commonwealth v. Callahan**, 101 A.3d 118, 121 (Pa. Super. 2014), quoting **Commonwealth v. Gandy**, 38 A.3d 899, 902 (Pa. Super. 2012). As the timeliness of a PCRA petition is a question of law, our standard of review is de novo and our scope of review is plenary. **See Commonwealth v. Taylor**, 65 A.3d 462, 468 (Pa. Super. 2013).

Here, Campbell was sentenced on February 19, 2014 and filed a timely notice of appeal on March 17, 2014. However, on March 31, 2014, his appeal was withdrawn and discontinued. Accordingly, as of that date, Campbell's judgment of sentence became final. **See Commonwealth v. Conway**, 706 A.2d 1243, 1244 (Pa. Super. 1997) (judgment of sentence becomes final for purposes of PCRA timeliness determination when direct appeal discontinued at defendant's request). Therefore, Campbell had one year from that date, or until March 31, 2014, to file a timely PCRA petition. **See** 42 Pa.C.S.A. § 9545(b)(1) (PCRA petition, including second or subsequent petition, must be filed within one year of date underlying judgment of sentence becomes final). Even assuming that Campbell's August 17, 2015 filing was properly treated as an amendment to Campbell's

earliest PCRA filing of April 22, 2015, that petition was filed more than one year after his judgment of sentence became final and, accordingly, was untimely unless Campbell pled and proved one of the three statutory exceptions to the PCRA time bar.[3]  Campbell did not do so.  Accordingly, the PCRA court lacked jurisdiction to entertain Campbell's petition and should have dismissed it as untimely filed.[4]

Order affirmed.    Application for relief denied.

_____

[3] The statutory exceptions are as follows:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1).

[4] Although the PCRA court erroneously reached the merits of Campbell's claim, we may affirm the decision of the PCRA court if there is any basis in the record to support the court's action.  This is so even if we rely on a different basis in our decision to affirm.  **Commonwealth v. Wiley**, 966 A.2d 1153, 1157 (Pa. Super. 2009).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>11/1/2016</u>