J-S73045-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| WILLIAM THOMAS AYERS, | : | |
| | : | |
| Appellant | : | No. 734 MDA 2017 |

Appeal from the PCRA Order April 21, 2017
in the Court of Common Pleas of Luzerne County,
Criminal Division at No(s): CP-40-CR-0001465-2005

BEFORE: OLSON, DUBOW, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.: **FILED DECEMBER 08, 2017**

William Thomas Ayers (Appellant) appeals from the April 21, 2017 order

dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA),

42 Pa.C.S. §§ 9541-9546. We affirm.

> On [February 22, 2006, Appellant] was sentenced to an aggregate sentence of nine to 36 months of incarceration at [this docket number] in Luzerne County for convictions of corruption of minors, criminal conspiracy and criminal solicitation. The trial court also ordered that [Appellant] pay a fine as part of his sentence. The Luzerne County sentence was ordered to run concurrently with sentences [Appellant] was serving from Wayne, Wyoming and Lackawanna Counties. On February 22, 2009, [Appellant] completed his Luzerne County sentence but remained incarcerated on sentences from the other counties.

***Commonwealth v. Ayers***, 34 A.3d 241 (Pa. Super. 2011) (unpublished

memorandum at 3) (footnotes omitted).

---

* Retired Senior Judge assigned to the Superior Court.

On October 20, 2016, Appellant *pro se* filed the PCRA petition at issue in this case. Counsel was appointed and requested a hearing on the jurisdictional aspect of the PCRA petition only. A hearing was held on April 18, 2017, and on April 21, 2017, the PCRA court denied and dismissed Appellant's petition, concluding it lacked jurisdiction to entertain Appellant's petition because Appellant was no longer serving a sentence in this case. Appellant timely filed a notice of appeal.[1]

The timeliness of a post-conviction petition is jurisdictional. ***See***, ***e.g.***, ***Commonwealth v. Lewis***, 63 A.3d 1274, 1280-81 (Pa. Super. 2013) (quoting ***Commonwealth v. Chester***, 895 A.2d 520, 522 (Pa. 2006)) ("[I]f a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims.").

Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment of sentence is final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition is met, and that the claim was raised within 60 days of the date on which it became available. 42 Pa.C.S. § 9545(b) and (c).

> [I]n circumstances in which no timely direct appeal is filed relative
> to a judgment of sentence, and direct review is therefore
> unavailable, the one-year period allowed for the filing of a post-

---

[1] The PCRA court did not order Appellant to file a concise statement of errors complained on appeal, but did file an opinion pursuant to Pa.R.A.P. 1925(a).

conviction petition commences upon the actual expiration of the time period allowed for seeking direct review, as specified in the PCRA.

***Commonwealth v. Brown***, 943 A.2d 264, 268 (Pa. 2008).

On March 28, 2007, Appellant withdrew his direct appeal. Accordingly, Appellant's judgment of sentence became final that day. ***See Commonwealth v. Conway***, 706 A.2d 1243, 1244 (Pa. Super. 1997) ("Appellant's judgment of sentence became final when his direct appeal was discontinued at his request."). Thus, Appellant's October 2016 PCRA petition, filed well after the one-year time period expired, was untimely filed, and because he neither pled nor offered to prove any timeliness exception, the PCRA court was without jurisdiction to consider the merits of the petition.

Even if the PCRA court and this Court had jurisdiction to entertain Appellant's petition, he would still not be entitled to relief. To be eligible for relief under the Post-Conviction Relief Act, at the time relief is granted, a petitioner must be, *inter alia*, "currently serving a sentence of imprisonment, probation or parole for the crime[.]" 42 Pa.S.C. § 9543.

> [T]he denial of relief for a petitioner who has finished serving his sentence is required by the plain language of the statute. To be eligible for relief a petitioner must be *currently* serving a sentence of imprisonment, probation or parole. To grant relief at a time when appellant is *not* currently serving such a sentence would be to ignore the language of the statute.

***Commonwealth v. Ahlborn***, 699 A.2d 718, 720 (Pa. 1997).

Counsel for Appellant concedes that Appellant completed the sentence at issue in this case in 2009. Appellant's Brief at 6. However, he argues that

- 3 -

the PCRA court still has jurisdiction due to the "collateral consequences associated with [Appellant's] conviction." *Id*. at 7. Specifically, Appellant argues that while he was serving the sentence in this case, his "parental rights to his child were terminated based in large part on his incarceration and conviction." *Id*. at 8. He further claims that the "alleged victim … went to great lengths, in many different counties, to falsely accuse Appellant of crimes as a way to maintain sole custody of their child." *Id*. Appellant's argument is unavailing.

> Our [S]upreme [C]ourt has held that, to be eligible for relief under the PCRA, the petitioner must be "currently serving a sentence of imprisonment, probation or parole for the crime." 42 Pa.C.S.[] § 9543(a)(1)(i). As soon as his sentence is completed, the petitioner becomes ineligible for relief, regardless of whether he was serving his sentence when he filed the petition. In addition, this [C]ourt determined in ***Commonwealth v. Fisher****,* 703 A.2d 714 (Pa. Super. 1997), that **the PCRA precludes relief for those petitioners whose sentences have expired, regardless of the collateral consequences of their sentence**.

*Commonwealth v. Hart*, 911 A.2d 939, 941-42 (Pa. Super. 2006) (some citations omitted; emphasis added).

Thus, even if Appellant's custody-related issues amounted to collateral consequences of his sentence, he is still ineligible for relief under the PCRA because he is no longer serving a sentence. In light of the foregoing, we affirm the order of the PCRA court denying Appellant's petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>10/10/2017</u>