J-S11010-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JEFFREY A. LEDONNE, JR. | : | |
| | : | |
| Appellant | : | No. 438 WDA 2019 |

Appeal from the PCRA Order Entered February 25, 2019
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0013322-2015

BEFORE: NICHOLS, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY NICHOLS, J.: FILED SEPTEMBER 24, 2020

Appellant Jeffrey A. Ledonne, Jr. appeals from the order dismissing his first Post Conviction Relief Act[1] (PCRA) petition. Appellant asserts that the PCRA court erred in dismissing his petition because it is unconstitutional to obligate him to register as a sex offender under any present or prior statute. We affirm.

On September 9, 2015, the Allegheny County Police Department filed a criminal complaint charging Appellant with endangering the welfare of children, corruption of minors, and indecent assault[2]. See Criminal Compl., 9/9/15. According to the affidavit of probable cause attached to the criminal complaint, the then-thirteen-year-old victim stated that Appellant sexually

_____

[1] 42 Pa.C.S. §§ 9541-9546.

[2] 18 Pa.C.S. §§ 4304(a)(1), 6301(a)(1)(ii), and 3126(a)(7), respectively.

assaulted her approximately seven years prior. See Aff. of Probable Cause, 9/9/15, at 2. The PCRA court summarized the subsequent history of the case as follows:

> On [June 17, 2016], Appellant . . . pled guilty to one count of Indecent Assault—Person Less than 13 Years of Age. [The Commonwealth withdrew the remaining charges. Before accepting the plea, the trial court confirmed Appellant's understanding of the lifetime registration requirement under the then existing version of the Sexual Offenders Registration and Notification Act[3] (SORNA I). N.T. Guilty Plea, 6/17/16 at 34-35. The trial court] sentenced Appellant to five years of probation with registration and reporting conditions. [Appellant failed to report multiple times and was reported to have had contact with a minor in violation of his probation conditions.]
>
> On July 17, 2017, [the trial court] found Appellant to have violated the terms of his probation. [The trial court sentenced Appellant to a term of 18 to 36 months' imprisonment followed by two years' probation.[4]] Appellant filed a Notice of Appeal which he discontinued on September 15, 2017. Next, on September 6,

_____

[3] The Pennsylvania's Sex Offender Registration and Notification Act (SORNA I), 42 Pa.C.S. §§ 9799.10-9799.41, was originally enacted on December 20, 2011, effective December 20, 2012, see Act of Dec. 20, 2011, P.L. 446, No. 111, §1 2, effective in one year or Dec. 20, 2012 (Act 111 of 2011), and then amended on July 5, 2012, also effective December 20, 2012, see Act of July 5, 2012, P.L. 880, No. 91, effective Dec. 20, 2012 (Act 91 of 2012), and amended on February 21, 2018, effective immediately, known as Act 10 of 2018, see Act of Feb. 21, 2018, P.L. 27, No. 10 §§ 1-20, effective Feb. 21, 2018 (Act 10 of 2018), and lastly, reenacted and amended June 12, 2018, effective immediately, known as Act 29 of 2018 (SORNA II), see Act of June 12, 2018, P.L. 140, No. 29, §§ 1-23, effective June 12, 2018 (Act 29 of 2018), codified at 42 Pa.C.S. §§ 9799.51-9799.75.

[4] We observe that the trial court did not explicitly impose any reporting requirements at the time of Appellant's VOP hearing.

> 2018, Appellant filed a [timely] PCRA[5 challenging the SORNA registration requirements as unconstitutional,6] which this Court dismissed on February 25, 2019. Appellant filed a Notice of Appeal on March 26, 2019 and a Concise Statement of Errors Complained of on April 23, [2019].

PCRA Ct. Op., 6/3/19, at 1 (some formatting altered).

Two days after Appellant's violation hearing, our Supreme Court decided Commonwealth v. Muniz, 164 A.3d 1189 (Pa. 2017) (plurality) and determined that the Pennsylvania Sex Offender Registration and Notification Act (SORNA I) was "punitive in effect." Muniz, 164 A.3d at 1218. The Muniz Court concluded that SORNA I was punitive and violated ex post facto constitutional principles such that it could not be applied to an individual who committed their offense before December 20, 2012, the effective date of SORNA I. See id. at 1223; see also Commonwealth v. Lippincott, 208 A.3d 143, 150 (Pa. Super. 2019) (en banc).

_____

5 Appellant's PCRA petition is timely because "[a] judgment of sentence becomes final for PCRA purposes [on the date the direct] appeal is discontinued voluntarily." See Commonwealth v. McKeever, 947 A.2d 782, 785 (Pa. Super. 2008) (citing Commonwealth v. Conway, 706 A.2d 1243 (Pa. Super. 1997) (holding that a judgment of sentence is final for PCRA purposes when appeal is discontinued voluntarily)).

6 Although the trial court did not impose any registration requirements under SORNA I or SORNA II, Appellant specifically challenged the application of Subchapter I of SORNA II, reasoning that SORNA II was applicable based on its terms. The PCRA court in its order appointing counsel for Appellant, noted that "if SORNA cannot be applied retroactively then Megan's Law [II] remains in effect for individuals who committed their predicate offense prior to December 20, 2012." Order Appointing Counsel, 9/12/18, at 1-2.

The General Assembly amended SORNA I in order to address Muniz by enacting Acts 10 and 29 of 2018 (SORNA II) on February 21, 2018, and June 12, 2018, respectively. SORNA II divides sex offender registrants into two distinct subchapters—Subchapter H, which applies to "individuals who committed a sexually violent offense on or after December 20, 2012, for which the individual was convicted[,]" 42 Pa.C.S. § 9799.11(c), and Subchapter I, which applies to individuals who committed a sexually violent offense "on or after April 22, 1996, but before December 20, 2012," for which the individual was convicted, or for individuals whose period of registration has not yet expired or whose registration requirements under a former sexual offender registration law have not expired. 42 Pa.C.S. § 9799.52. Under Subchapter I, indecent assault of a person less than thirteen years of age requires a ten-year sex offender registration requirement. See 42 Pa.C.S. § 9799.55(a)(1)(i)(A).

Appellant raises the following question for our review:

> Did the trial court err in dismissing Appellant's PCRA petition instead of finding the reporting and registration requirements found in Subchapter I of Chapter 97 of the Judicial Code violate the ex post facto clauses of the Pennsylvania and United States Constitutions?

Appellant's Brief at 4 (some capitalization omitted).

Appellant argues that "he cannot constitutionally be required to register and report as a sex offender under any Pennsylvania Statute past or present." Id. at 10. Appellant asserts that, pursuant to Muniz, he is not subject to the

- 4 -

registration requirements of SORNA II, enacted in 2018, because his offense occurred in 2009, therefore the retroactive application of SORNA II to Appellant is constitutionally invalid because it violates ex post facto protections. Id.

The Commonwealth argues that SORNA's reporting and registration requirements framework do not violate ex post facto constitutional protections because it is not punitive. Commonwealth's Brief at 12. The Commonwealth also notes that "the question raised by [A]ppellant in this case might be controlled by [the] forthcoming decision of our Supreme Court" in Commonwealth v. Lacombe, ___ A.3d ___, 2020 WL 4150283 (Pa. filed July 21, 2020).[7] Id. at 15. The Commonwealth contends that an application of the two-step analysis, addressing (1) the intent of the legislature and (2) the seven factors articulated in Kennedy v. Mendoza-Martinez, 372 U.S.

_____

[7] The Commonwealth also notes that "this Court may conclude that [A]ppellant should receive the benefit of the [Commonwealth v. Moore, 222 A.3d 16 (Pa. Super. 2019)] decision upon his registration as a sex offender under Subchapter I of SORNA II." Commonwealth's Brief at 13. In Moore, a direct appeal from judgment of sentence, this Court held that the internet dissemination provision of Subchapter I violates the ex post facto clauses of the federal and Pennsylvania Constitutions, but is severable from the remainder of Subchapter I. See Moore, 222 A.3d at 27.

Our Supreme Court entered an order on May 12, 2020, holding its disposition of the petition for allowance of appeal in Moore pending its decision Lacombe. Order, Commonwealth v. Moore, 42 WAL 2020 (Pa. filed May 12, 2020). At the time of this writing, the disposition of Moore is still pending before our Supreme Court. Accordingly, our decision is without prejudice to any claims which may arise under Moore.

144 (1963), adopted in Muniz is required in order to determine whether Subchapter I is punitive.

The PCRA court held that "Subchapter I survives constitutional inquiry for two reasons: it incorporates prior language from Megan's Law which was previously deemed non-punitive, and it includes several provisions which reduce some of the restrictive requirements of SORNA found by Muniz to be punitive." PCRA Ct. Op., at 4.

We agree with the Commonwealth that our Supreme Court's decision in Lacombe addresses Appellant's challenge raised in this appeal. In Lacombe, the trial court found Subchapter I of SORNA II to be punitive and unconstitutional as applied to the consolidated appeals of the two appellees, Lacombe and Witmayer. Lacombe, ___ A.3d ___, 2020 WL 4150283 at *1-2.

Witmayer was convicted in 2014 for sex offenses committed over a number of years between 2006 and 2012. Id. at *2. Following an unsuccessful appeal, Witmayer filed a timely PCRA petition. Id. Witmayer argued that because his offense occurred before the SORNA II effective dates in 2018, Subchapter I was retroactively applied in violation of federal and state ex post facto constitutional protections. Id. The PCRA court granted relief, and the Commonwealth appealed directly to our Supreme Court. Id.

The Lacombe Court considered the Commonwealth's procedural argument that Witmayer's companion appellee, Lacombe, was required to seek relief under the PCRA and establish that his PCRA petition was timely

- 6 -

filed.[8]  Id. at *10.  The High Court rejected the Commonwealth's procedural argument and concluded that the trial court had jurisdiction to consider Lacombe's petition for relief.  Id. at *11.   In so doing, our Supreme Court asserted that there was no exclusive method for challenging sex offender registration statutes.  Id.

Turning to the question of whether Subchapter I violates federal or state ex post facto constitutional protections, the Lacombe Court noted: "we

_____

[8] Lacombe was convicted of sex offenses in 1997 and subjected to ten-year registration requirements under Megan's Law I.  Lacombe, 2020 WL 4150283, at *1.  Following his release from prison in 2005, the legislature enacted SORNA I in 2012, for which Lacombe was notified that his registration requirements were extended from ten-years to lifetime.  Id.  After Subchapter I was enacted in 2018, under SORNA II, Lacombe filed a "petition to terminate his sexual offender registration requirements" arguing that Subchapter I violated ex post facto constitutional protections as applied to him.  Id.  The trial court granted his petition.  Id.  The Commonwealth appealed directly to our Supreme Court and argued, essentially, that the trial court lacked jurisdiction to grant relief because Lacombe did not seek relief under the PCRA, and that Subchapter I was constitutional, non-punitive, and not violative of ex post facto principles.  Id. at *10.

In rejecting the Commonwealth's PCRA argument, the Lacombe Court reasoned that it previously considered the challenges to the sex offender registration statutes that were raised in different types of filings outside the PCRA.  Id. (citing, in part, Muniz; Commonwealth v. Martinez, 147 A.3d 517, 523 (Pa. 2016); A.S. v. Pa. State Police, 143 A.3d 896, 903 n.7 (Pa. 2016)).  Significantly, the High Court recognized that "the fact that frequent changes to sexual offender registration statutes, along with more onerous requirements and retroactive application, complicate registrants' ability to challenge new requirements imposed years after their sentences become final."  Id..  The High Court continued that under the PCRA, a petitioner would be ineligible for relief based on timeliness grounds or because their sentence has expired.  Id. at *11.

recognize there is a general presumption that all lawfully enacted statutes are constitutional. In addition, as this case presents questions of law, our scope of review is plenary and we review the lower courts' legal determinations de novo." Id. at *3. The High Court then applied Muniz's two-part analysis to determine whether SORNA II is punitive.

> We first consider whether the General Assembly's intent was to impose punishment, and, if not, whether the statutory scheme is nonetheless so punitive either in purpose or effect as to negate the legislature's nonpunitive intent. If we find the General Assembly intended to enact a civil scheme, we then must determine whether the law is punitive in effect by considering the Mendoza-Martinez factors.[9] We recognize only the clearest proof may establish that a law is punitive in effect. Furthermore, in determining whether a statute is civil or punitive, we must examine the law's entire statutory scheme.

Id. at *11 (internal citations and quotation marks omitted).

After acknowledging that the legislature had "dual goals of ensuring public safety without creating another unconstitutionally punitive scheme", our Supreme Court applied the Mendoza-Martinez factors to Subchapter I.

_____

[9] Kennedy v. Mendoza-Martinez, 372 U.S. 144 (1963). The Mendoza-Martinez factors include

> [w]hether the sanction involves an affirmative disability or restraint, whether it has historically been regarded as a punishment, whether it comes into play only on a finding of scienter, whether its operation will promote the traditional aims of punishment—retribution and deterrence, whether the behavior to which it applies is already a crime, whether an alternative purpose to which it may rationally be connected is assignable for it, and whether it appears excessive in relation to the alternative purpose assigned[.]

Lacombe, 2020 WL 4150283 at *1 n.3 (citation omitted).

- 8 -

Id. at *9, 11-18. The High Court determined that Subchapter I does not involve an affirmative disability or restraint because the reporting requirements are "minimal and clearly necessary." Id. at *12. As to the second factor, whether the requirement has been regarded as punishment, the High Court adopted its analysis from Muniz and found that the second factor weighed in favor of finding Subchapter I punitive. Id. at *13-15. Applying Muniz, our Supreme Court determined that the third factor is of "little significance" in their review. Id. at *15. In addressing factor four the majority wrote, "we weigh this factor in favor of finding Subchapter I punitive but give it much less weight than in Muniz because Subchapter I is not aimed at deterrence." Id. at *15-16. The majority afforded little weight to the fifth factor and, as to the sixth factor, found that Subchapter I could be rationally connected to a purpose other than punishment. Id. at *17. Our Supreme Court also determined that factor seven weighed in favor of finding Subchapter I nonpunitive because the requirements are not "excessive[] in relation to the alternative assigned purpose of protecting the public from sex offenders." Id.

The Lacombe Court then balanced the Medonza-Martinez factors and concluded that Subchapter I was not punitive.

> To summarize, we find three of the five factors weigh in favor of finding Subchapter I nonpunitive. Additionally, we give little weight to the fact [that] Subchapter I promotes the traditional aims of punishment and gives significant weight to the fact [that] Subchapter I is narrowly tailored to its nonpunitive purpose of protecting the public. As we have not found the requisite "clearest proof" Subchapter I is punitive, we may not "override legislative

- 9 -

intent and transform what has been denominated a civil remedy into a criminal penalty."

Id. at *18 (citations omitted).

Instantly, Appellant raised his claim in a timely PCRA petition. In relevant part, Appellant presented his Mendoza-Martinez analysis based on Muniz and asserted that Subchapter I was punitive. See Appellant's Brief at 16-21. We disagree with Appellant based on our review of Lacombe and conclude that the imposition of the Subchapter I reporting and registration requirements do not violate federal or state ex post facto constitutional protections. See Muniz, 164 A.3d at 1208.

Accordingly, for the forgoing reasons we affirm the PCRA court's order dismissing Appellant's timely PCRA petition.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/24/2020