J-S09039-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
  :   PENNSYLVANIA
  :
v.   :
  :
  :
  :
TYREE MORRIS   :
  :
Appellant   :   No. 1043 EDA 2020

Appeal from the PCRA Order Entered February 20, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0012194-2015

BEFORE: OLSON, J., McCAFFERY, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:          **FILED APRIL 07, 2021**

Tyree Morris ("Morris") appeals from the Order dismissing his Petition

for relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1] We affirm

the Order dismissing Morris's PCRA Petition, albeit on a different basis than

that of the PCRA court.[2]

The PCRA court summarized the facts underlying Morris's convictions as

follows:

> [Morris] and the victim, [Q.H. ("the victim")], lived together
> at a home on 7432 Buist Avenue in Philadelphia, along with [the
> victim's] nine[-]year[-]old son from a previous relationship. The
> two had previously been in a romantic relationship for three years,

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

[2] ***See Commonwealth v. Rykard***, 55 A.3d 1177, 1183 (Pa. Super. 2012)
(stating that we "may affirm a PCRA court's decision on any grounds[,] if the
record supports it.") (citation omitted).

but the relationship ended before they moved into the house. They slept in separate bedrooms.

In the early morning hours of October 17, 2015, [Morris] entered [the victim's] room while she was sleeping. [Morris] woke her up and asked her if she was leaving him. When [the victim] said she was leaving him, [Morris] punched her in the face. He then pulled out a gun, told [the victim] to turn around[,] and tied her wrists behind her back. [Morris] told [the victim] that if she was not quiet, he would go upstairs and shoot her son. He then removed her underwear and anally penetrated her with his penis. After anally penetrating her, [Morris] took [the victim] to the bathroom, wiped her off, and dressed her. Now back in the bedroom, [Morris] told [the victim] to put her shoes on, and he put the gun on the bed. While [Morris] was putting a shirt on, [the victim] was able to untie herself and ran out of the bedroom. Shortly after running out [of] the front door of the house, [Morris], who was chasing her, shot his gun at [the victim] at least seven times. [Morris] caught up to [the victim] across the street from their home, grabbed her and tried to shoot her. However, the gun did not fire. [Morris] then started choking [the victim] and dragged her on the pavement behind a parked vehicle. [Morris] continued strangling [the victim] until she passed out. Subsequently, [Morris] fled the scene in his vehicle.

PCRA Court Opinion, 7/24/20 at 3-4 (footnote omitted). The victim identified Morris as her assailant. *See id.* at 6. Further, DNA evidence taken from the victim's rectum, and from a cloth still tied to the victim's wrist at the crime scene, matched that of Morris. *See id.* Morris was later apprehended in Maryland.

A jury subsequently convicted Morris of one count each of attempted murder, aggravated assault, rape, sexual assault and possession of an instrument of crime; two counts each of carrying a firearm without a license and carrying a firearm on public streets in Philadelphia; and three counts of

carrying a firearm by a prohibited person.[3]  The trial court sentenced Morris to an aggregate term of 25 to 50 years in prison.  Morris filed post-sentence Motions, which the trial court denied.  At this time, new counsel, Michael Wiserman, Esquire ("Attorney Wiserman"), entered his appearance on behalf of Morris.  Morris timely filed a Notice of Appeal.  However, Morris subsequently filed a Motion to dismiss the appeal, which this Court granted on December 13, 2017.

On January 8, 2019, Morris, represented by Attorney Wiserman, filed the instant PCRA Petition.  The Commonwealth filed a Motion to dismiss the Petition.  Morris filed a response, which included a Motion for limited discovery related to claims raised in his PCRA Petition.  The PCRA court issued Pa.R.Crim.P. 907 Notice of its intention to dismiss Morris's Petition without a hearing.  Thereafter, the PCRA court denied Morris's discovery Motion, and dismissed the PCRA Petition on its merits.  Morris timely filed the instant appeal, followed by a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

Before addressing Morris's substantive claims, we first must ascertain whether Morris timely filed his PCRA Petition.  A PCRA petition must be filed within one year of the date the petitioner's judgment of sentence became final.

---

[3] *See* 18 Pa.C.S.A. §§ 901(a), 2702, 3121(a)(1), 3124.1, 907(a), 6106(a)(1), 6108, 6105.

42 Pa.C.S.A. § 9545(b)(3). "For purposes of [the PCRA], a judgment [of sentence] becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." *Id.* The one-year time limitation is jurisdictional; a court has no power to address the substantive merits of an untimely petition. *Commonwealth v. Abu-Jamal*, 833 A.2d 719, 723-24 (Pa. 2003); *Commonwealth v. Gamboa-Taylor*, 753 A.2d 780, 783 (Pa. 2000).

Our review of the record discloses that during his direct appeal, in lieu of a Pa.R.A.P. 1925(b) concise statement, Morris filed a counseled "Notice of Withdrawal of Appeal." *See* Notice of Withdrawal, 10/12/17. In the Notice, Morris stated that "Counsel has today filed by mail a [M]otion in the Superior Court moving to dismiss the appeal[,] because there are no preserved, non-frivolous issues to present on appeal." *Id.* Morris filed a counseled Motion to Dismiss his appeal, in this Court, on October 13, 2017. *See* Application to Dismiss, 10/13/17, at 1. The Motion included a statement, signed by Morris, confirming his intention to terminate his direct appeal. *See id.* at 2.

On December 13, 2017, this Court entered an Order granting Morris's Motion, and dismissing his direct appeal. *See Commonwealth v. Morris*, 2950 EDA 2017, Order (Pa. Super. filed December 13, 2017). As a result, Morris's judgment of sentence became final that same day: December 13, 2017. *See Commonwealth v. McKeever*, 947 A.2d 782, 785 (Pa. Super.

- 4 -

2008) (recognizing that the appellant's judgment of sentence became final the day that he discontinued his direct appeal); ***Commonwealth v. Conway***, 706 A.2d 1243, 1244 (Pa. Super. 1997) (providing that the appellant's judgment of sentence "became final when his direct appeal was discontinued at his request.").[4]  Morris filed the instant PCRA Petition on January 9, 2019.[5] Consequently, Morris's January 9, 2019, PCRA Petition, filed more than one year after December 13, 2017, is facially untimely.

Pennsylvania courts may consider an untimely petition if the appellant can explicitly plead and prove one of three exceptions set forth under 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).  Any petition invoking one of these exceptions "shall be filed within one year of the date the claim could have been presented."  ***Id.*** § 9545(b)(2). "The PCRA petitioner bears the burden of proving the applicability of one of the exceptions."  ***Commonwealth v. Spotz***, 171 A.3d 675, 678 (Pa. 2017).

_____

[4] In ***McKeever*** and ***Conway***, the appellants terminated their appeals by filing motions to "discontinue" the appeal.  Here, Morris filed a Motion to "dismiss" his direct appeal.  This difference in the wording of Morris's Motion does not impact our decision.  Here, as in ***McKeever*** and ***Conway***, Morris's judgment of sentence became final on the date on which he voluntarily terminated his direct appeal.

[5] Our review discloses that Morris dated the cover page of his PCRA Petition as January 9, 2018.  However, the Petition is date stamped January 9, 2019, and the docket reflects the 2019 date.  The Certificate of Service for the Petition is likewise dated January 9, 2019.

Morris raises several claims in his appellate brief, none of which identify or invoke any of the timeliness exceptions set forth at section 9545(b)(1)(i)-(iii). As such, the PCRA court lacked jurisdiction to address the merits of the claims raised by Morris. **See Abu-Jamal**, **supra**; **Gamboa-Taylor**, **supra**. We therefore affirm the Order dismissing Morris's PCRA Petition. **See Rykard**, **supra**.

Order affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 4/7/2021*