J-S12008-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DARRELL JOHNSON | : | |
| | : | |
| Appellant | : | No. 498 EDA 2024 |

Appeal from the PCRA Order Entered January 5, 2024
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0005198-2009

BEFORE: STABILE, J., McLAUGHLIN, J., and BENDER, P.J.E.

MEMORANDUM BY STABILE, J.:                    **FILED AUGUST 22, 2025**

Appellant, Darrell Johnson, appeals *pro se* from the January 5, 2024, order of the Court of Common Pleas of Philadelphia County dismissing his petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46. Upon review, we affirm.

The underlying background of the instant appeal is not at issue. Briefly, Appellant was charged with multiple violations of the Uniform Firearms Act. Following a jury trial, on February 8, 2012, Appellant was convicted of violating 18 Pa.C.S.A. § 6105 (persons not to possess, use, manufacture, control, sell or transfer firearms). On April 20, 2012, the trial court sentenced Appellant to a period of five to ten years of incarceration in a state correctional

institution,[1] to be served consecutive to any other sentence Appellant was serving.

On August 28, 2012, Appellant filed a timely notice of appeal, which was discontinued on January 29, 2013.

On July 21, 2022, more than nine years later, Appellant filed his first *pro se* PCRA petition. On April 23, 2023, appointed counsel sought reinstatement of Appellant's direct appeal rights *nunc pro tunc*. Following an evidentiary hearing, the PCRA court dismissed Appellant's petition on January 5, 2024. This appeal followed.

Our standard of review from a PCRA court's determination is well settled. We must determine whether the ruling of the PCRA court is supported by the record and free of legal error. **Commonwealth v. Lawson**, 90 A.3d 1, 4 (Pa. Super. 2014) (citing **Commonwealth v. Phillips**, 31 A.3d 317, 319 (Pa. Super. 2011). We consider the record in the light most favorable to the prevailing party. **Commonwealth v. Stultz**, 114 A.3d 865, 872 (Pa. Super. 2015). When supported by the record, this Court is bound by the PCRA court's credibility determinations. **Commonwealth v. Burton**, 158 A.3d 618, 627 n.13 (Pa. 2017). However, we afford no such deference to the PCRA court's legal conclusions, thus, applying a *de novo* standard of review to such rulings. **Commonwealth v. Spotz**, 18 A.3d 244, 259 (Pa. 2011).

---

[1] Effective from November 30, 2008 – the date of Appellant's arrest.

It is undisputed that the underlying petition is facially untimely. Appellant's sentence became final on January 29, 2013, when the direct appeal was discontinued. *See Commonwealth v. Conway*, 706 A.2d 1243 (Pa. Super. 1997) (judgment of sentence final for PCRA purposes when appeal is discontinued voluntarily). Appellant, therefore had one year, or until January 29, 2014, to file the underlying petition. The underlying petition, which was filed on July 21, 2022, is approximately eight years too late.

Where, as here, a petitioner files an untimely PCRA petition, the petitioner must overcome the jurisdictional time-bar by pleading and proving one of the exceptions set forth in 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

At issue here is the newly-discovered facts exception under Section 9545(b)(1)(ii).[2] Specifically, Appellant attempts to invoke the newly discovered facts exception by claiming that he recently discovered that his previous counsel withdrew his direct appeal without his knowledge or approval.

No relief is due. Generally, claims of ineffective assistance of counsel do not constitute a "fact" for the purposes of invoking the newly-discovered facts exception to the PCRA time-bar found in Section 9545(b)(1)(ii). *See Commonwealth v. Gamboa-Taylor*, 753 A.2d 780, 786 (Pa. 2000). Even

_____

[2] The newly-discovered facts exception set forth in Section 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence. *See*, *e.g.*, *Commonwealth v. Brown*, 111 A.3d 171, 176 (Pa. Super. 2015).

if "Appellant's allegations bring his claim within the ambit of subsection (b)(1)(ii), he must still prove that it meets the requirements therein. Under subsection (b)(1)(ii), he must also prove that the facts were 'unknown' to him and that he could not uncover them with the exercise of 'due diligence.'" **Commonwealth v. Bennett**, 930 A.2d 1264, 1274 (Pa. 2007). Appellant failed to do so. To this end, the PCRA court noted: "Appellant filed his first pro se PCRA petition on July 21, 2022, more than eight years after Appellant's direct appeal was discontinued. . . . Appellant has not offered an explanation for this delay, nor has he made an offer of proof that he exercised due diligence during those eight years to discover the status of his appeal and raise a claim about it." PCRA Court Opinion, 7/25/24, at 3.

We agree. Accordingly, we conclude that Appellant failed to meet the requirements of the newly-discovered facts exception. Therefore, the underlying petition cannot be reviewed. **See**, **e.g.**, **Commonwealth v Albrecht**, 994 A.2d 1091, 1093 (Pa. 2010). The order of the PCRA court dismissing the underlying petition must be therefore affirmed.[3]

Order affirmed.

_____

[3] The PCRA court also suggested that Appellant is not eligible for relief as it appears that his sentence has expired. **See** PCRA Court Opinion, 7/25/24, at 3. However, the parties did not address the issue, and the record is unclear as to when Appellant commenced serving the sentence at issue here. Accordingly, while potentially dispositive of the instant appeal, we express no opinion on this eligibility issue.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>8/22/2025</u>