J-S69037-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| THOMAS JAMES KAHLE | : | |
| | : | |
| Appellant | : | No. 843 WDA 2017 |

Appeal from the PCRA Order May 11, 2017
In the Court of Common Pleas of Venango County Criminal Division at
No(s): CP-61-CR-0000561-2013

BEFORE:   BOWES, J., RANSOM, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.:          **FILED DECEMBER 12, 2017**

Appellant, Thomas James Kahle, appeals from the order entered in the Court of Common Pleas of Venango County dismissing his first petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546 as untimely.  We affirm.

The PCRA court sets forth an apt factual and procedural history, as follows:

> In December of 2002, the victim A.S.'s father passed away. Subsequently, A.S. (born 7/21/1997) lived with victim's mother, Defendant [hereinafter "Appellant"], and other family members over a period of time between 2003 and 2004.  At some point in either February or March of 2004, Appellant invited the victim to "play a game" ostensibly with the goal of bringing back the girl's father.  When the two went upstairs into the victim's mother's room, where Appellant was also residing at the time, Appellant pulled down the victim's pants and underwear, and proceed[ed] to touch the victim in the vaginal area.  According to testimony at trial and during a CYS interview in 2013, Appellant did not penetrate into the victim's vaginal canal, digitally or otherwise,

_____

*   Former Justice specially assigned to the Superior Court.

but did digitally penetrate the inner folds of the victim's vagina. Appellant then stated that if the victim told anyone of the assault, something bad would happen to her mother.

Following a jury trial held January 12 and 13, 2015, Appellant was convicted of: one count of Unlawful Contact with Minor—Sexual Offense, 18 Pa.C.S.A. § 6318(a)(1); one count of Aggravated Indecent Assault, 18 Pa.C.S.A. § 3125(b); one count of Corruption of Minors, 18 Pa.C.S.A. § 6301(a)(1)(i); and one count of Indecent Assault, 18 Pa.C.S.A. § 3126(a)(7). Appellant was sentenced on May 8, 2015 to an aggregate term of 39 – 264 months' imprisonment on Counts 1-3, with the Indecent Assault conviction merging with the Aggravated Indecent Assault conviction for sentencing purposes. Appellant filed post-trial motions, but these were denied as an operation of law[.]

Appellant filed a direct appeal with the Superior Court, which was properly perfected, on October 30, 2015. However, on December 14, 2015, Appellant filed a Praecipe to Discontinue Appeal, attaching with the filed praecipe a letter from Appellant acknowledging that he wished to withdraw his appeal. Accordingly, the Superior Court discontinued his appeal on December 17, 2015. Court-appointed counsel thereafter withdrew as counsel February 12, 2016.

Subsequently, Appellant filed his first petition under the PCRA on January 19, 2017, through privately-retained counsel, Stephen E. Sebald, Esq. The Commonwealth filed a reply to the PCRA, arguing [the PCRA] court lacked jurisdiction under the PCRA's time bar limiting petitions to be filed only within a year of a conviction becoming final, unless an enumerated exception is demonstrated. [The PCRA] court determined that it was indeed without jurisdiction to address the merits of the petition, as it was untimely filed. Upon notification of the [PCRA court's] intention to dismiss the petition, Appellant filed a Motion for Reconsideration, leading to [the PCRA] court scheduling a PCRA hearing on May 20, 2017.

During this hearing, [the PCRA] court met with counsel for both Appellant and the Commonwealth in chambers. During this time, it was discussed that the petition had in fact been withdrawn with Appellant's knowledge. Appellant's counsel, Attorney Sebald, acknowledged that he had not realized that fact beforehand, and accepted responsibility for the missed [PCRA]

deadline. Conversations between [the PCRA] court and counsel centered on the fact that, as the petition was facially untimely, the Court could not proceed to the merits of the petition. Accordingly, [the PCRA] court returned to the record and entered an order finding the petition untimely, and dismissed [the petition].

PCRA Court Opinion, 7/12/17 at 1-3.

Appellant filed a timely notice of appeal and a court-ordered Pa.R.A.P. 1925(b) concise statement of matters complained of on appeal. In turn, the PCRA court has filed a responsive Pa.R.A.P. 1925(a) opinion. Appellant's brief presents the following questions for our review:

> I. **DID THE TRIAL COURT ERR IN UTILIZING THE INCORRECT DATE FOR ASCERTAINING WHEN THE TIME FOR THE PCRA PETITION WAS DUE, WHICH INCORRECT DATE (DECEMBER 17, 2015) FAILED TO TAKE INTO ACCOUNT THE SIGNIFICANT ERRORS MADE BY PREVIOUS COUNSEL, INCLUDING DISCONTINUANCE OF APPELLANT'S PRIOR APPEAL WITHOUT FILING THE REQUIRED *ANDERS* BRIEF?**
>
> II. **DID THE TRIAL COURT ERR IN REFUSING TO ALLOW APPELLANT TO RESTORE HIS APPELLATE RIGHTS *NUNC PRO TUNC* WHERE PRIOR APPELLATE COUNSEL UNJUSTIFIABLY AND IMPERMISSIBLY DISCONTINUED APPELLANT'S APPEAL, WITHOUT OBTAINING CONSENT TO DO SO, AND WITHOUT FILING AN ANDERS BRIEF AS CONSTITUTIONALLY REQUIRED?**
>
> III. **DID THE TRIAL COURT ERR IN FINDING THAT APPELLANT'S PCRA PETITION WAS UNTIMELY AND FAILING TO APPLY THE STATUTORY EXCEPTION PROVIDED UNDER 42 PA.C.S. § 9545(B)(1)(i) WHICH IS TRIGGERED WHERE GOVERNMENT OFFICIALS INTERFERE WITH THE PRESENTATION OF ONE'S CLAIM?**

**IV.** **DID THE TRIAL COURT ERR IN FINDING THAT THIS CASE DOES NOT FALL WITHIN AN EXCEPTION TO THE ONE-YEAR TIME LIMITATION GOVERNING PCRA PETITIONS – THE EXCEPTION ENCAPSULATED IN 42 PA.C.S. § 9545(B)(1)(ii), WHICH PROVIDES AN EXCEPTION [TO] THE ONE-YEAR PERIOD WHEN "THE FACTS UPON WHICH THE CLAIM IS PREDICATED WERE UNKNOWN TO THE PETITIONER AND COULD NOT HAVE BEEN ASCERTAINED BY THE EXERCISE OF DUE DILIGENCE?"**

**V.** **DID THE TRIAL COURT ERR IN REFUSING TO CONSIDER THE MERITS OF APPELLANT'S CASE?**

Appellant's brief at 7-8.

When reviewing the propriety of an order denying PCRA relief, we consider the record "in the light most favorable to the prevailing party at the PCRA level." *Commonwealth v. Stultz*, 114 A.3d 865, 872 (Pa. Super. 2015) (quoting *Commonwealth v. Henkel*, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*)). This Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. *Commonwealth v. Rykard*, 55 A.3d 1177, 1183 (Pa. Super. 2012). We grant great deference to the PCRA court's findings that are supported in the record and will not disturb them unless they have no support in the certified record. *Commonwealth v. Rigg*, 84 A.3d 1080, 1084 (Pa. Super. 2014).

We first address whether Appellant satisfied the timeliness requirement of the PCRA. A PCRA petition must be filed within one year of the date that the judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). An appellant's judgment of sentence becomes final when he or

- 4 -

she voluntarily discontinues a direct appeal. *See Commonwealth v. McKeever*, 947 A.2d 782, 785 (Pa.Super. 2008) (stating that the judgment of sentence becomes final for PCRA purposes when direct appeal is discontinued voluntarily) *citing Commonwealth v. Conway*, 706 A.2d 1243 (Pa. Super 1997); *see also generally* 42 Pa.C.S.A. § 9545(b)(3). This time requirement is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition. *Commonwealth v. Cintora*, 69 A.3d 759, 762 (Pa. Super. 2013).

However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii), is met. A petition invoking one of these exceptions must be filed within sixty days of the date the claim could first have been presented. 42 Pa.C.S. § 9545(b)(2). In order to be entitled to the exceptions to the PCRA's one-year filing deadline, "the petitioner must plead and prove specific facts that demonstrate his claim was raised within the sixty-day time frame" under section 9545(b)(2). *Commonwealth v. Carr*, 768 A.2d 1164, 1167 (Pa. Super. 2001).

Taken together, Appellant's issues contend that the PCRA court erroneously dismissed his petition as time-barred where counsel's manner of withdrawal from representation amounted to an abandonment of Appellant's direct appeal, thus entitling him to application of an exception to the one-year time limitation. We disagree.

In the case *sub judice*, the record contains a written statement ostensibly prepared by Assistant Public Defender Jeri Bolton,[1] Appellant's trial and direct appeal counsel, and signed by Appellant. The statement read as follows: "After careful consideration and after conferring with my attorney, Assistant Public Defender Jeri Bolton, Esquire, I, Thomas Kahle, have voluntarily and intelligently decided to withdraw my appeal to the Superior Court 1759 WDA 2015." Praecipe to Discontinue, filed 12/21/15. The PCRA Court found the letter to be credible evidence that Appellant, by signing the clearly-worded statement as he did, endorsed the premise that he voluntarily wished to withdraw his direct appeal after consultation with his attorney. Trial Court Opinion, at 6.

Initially, for purposes of fixing the date on which the PCRA's one-year limitations period commenced, we discern no error with the PCRA court's determination that Appellant's judgment of sentence became final on the date he voluntarily withdrew his direct appeal to this Court. **See McKeever**, **supra**. Hence, under the PCRA, Appellant had until December 21, 2016, to file the instant PCRA petition, but he did not do so until January 19, 2017. Thus, his PCRA petition is facially untimely.

Therefore, it became incumbent upon Appellant to plead and prove the applicability of one or more of the enumerated exceptions in order to invoke

---

[1] The PCRA court presumed, *arguendo*, that counsel prepared the statement, as it is typed on the Venango County Public Defender's letterhead.

the jurisdiction of the PCRA court. Accordingly, Appellant has equated the discontinuation of his direct appeal and counsel's subsequent withdrawal from representation to a *per se* abandonment of his appeal, as he claims he did not understand the consequences of signing the prepared statement. As such he likens his case to those situations where our courts have recognized a complete denial of counsel. ***See Commonwealth v. Bennett***, 930 A.2d 1264, 1272-74 (Pa. 2007) (holding appointed counsel's failure to file appellate brief, unbeknownst to appellant, amounted to act of abandonment qualifying as fact unknown to appellant for purposes of subsection (b)(1)(ii)) (collecting cases).

The ***Bennett*** line of jurisprudence, however, centered as it is on ensuring the due process rights of appellants who could not have known they had been abandoned by counsel, simply does not apply to the case *sub judice*, where Appellant explicitly acknowledged in the letter that he agreed to voluntarily discontinue his direct appeal after consultation with appointed counsel. Notably, in this regard, Appellant made no allegation below that counsel provided erroneous legal advice about the withdrawal or that, but for her failure to advise him about the ramifications of the decision, he would have elected not to withdraw the appeal. Accordingly, Appellant cannot prevail on his subsection (b)(1)(ii)-based claim.

Nor can Appellant gain relief from his alternate claim that direct appeal counsel's alleged ineffectiveness amounted to government interference as contemplated under subsection (b)(1)(i), for the PCRA provides "[f]or

purposes of this subchapter, 'government officials' shall not include defense counsel, whether appointed or retained." 42 Pa.C.S. § 9545(b)(4); ***see also***

***See Commonwealth v. Pursell***, 749 A.2d 911 (Pa. 2000) (explaining claims relating to ineffectiveness of counsel for failing to raise certain issues do not qualify for "governmental interference" exception to PCRA time-bar, as term "government officials" does not include defense counsel).

Thus, Appellant's ineffectiveness claims do not meet any of the above-stated timeliness exceptions.[2] Accordingly, the PCRA court properly concluded that it was without jurisdiction to entertain Appellant's untimely petition.

Order is AFFIRMED.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/12/2017

---

[2] As the record supports a finding that Appellant voluntarily discontinued his appeal without undue influence from counsel, it follows that counsel was not, thereafter, required to withdraw representation pursuant to ***Anders***, as Appellant's judgment of sentence had become final on the date Appellant discontinued his appeal.