J-S43036-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| MARTY BOANES | : | |
| | : | |
| Appellant | : | No. 165 MDA 2019 |

Appeal from the PCRA Order Entered January 3, 2019
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0005305-2002

BEFORE:  GANTMAN, P.J.E., DUBOW, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED OCTOBER 22, 2019**

Appellant Marty Boanes appeals from the Order entered in the Court of Common Pleas of York County on January 3, 2019, denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

The PCRA court detailed the facts and procedural history herein as follows:

> On August 26, 2002, Appellant [ ] was arrested by Scott Nadzom of the York City Police Department. An [a]rraignment was scheduled for November 22, 2002 but was waived by Appellant. On December 9, 2002, Attorney Stanley Silver entered his appearance as [c]ounsel for Appellant. A [p]re-trial [c]onference was scheduled for February 13, 2003, in front of the Honorable Michael J. Brillhart. At the [p]re-trial [c]onference the case was listed for trial during the March 2003 trial term.
> On March 3, 2003, Appellant's counsel requested a continuance so that he could file a petition for decertification; at the time of the attack, Appellant was 16 years old. A formal request for continuance was filed on March 10, 2003; this was

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

---

*   Former Justice specially assigned to the Superior Court.

granted with the condition that if a petition for decertification was not filed in a timely manner a pre-trial conference would be held on April 17, 2003 and the case would be listed for the May 2003 trial term.

The petition for decertification was not filed and a pre-trial conference was held on April 17, 2003. At the pre-trial, Appellant's counsel was given a deadline of Apri1 25, 2004 to file a petition for decertification. A Motion to Transfer Jurisdiction to Juvenile Court was filed on May 5, 2003. A decertification hearing was held on May 28, 2003. Appellant's petition for decertification was ultimately denied.

A Motion in Limine was filed on June 16, 2003. At the decertification hearing the victim, Richard Newson, testified. As he was leaving the courtroom after testifying Appellant stated to Newson: "I'm still looking for you." The Commonwealth wanted to admit this statement as evidence. A pre-trial conference was held on June 17, 2003; the case was set for the July 2003 trial term. The Motion in Limine was discussed at the pre-trial conference; the Commonwealth was allowed to use the statement as evidence, with Appellant being allowed to refute it.

A jury trial was held on July 7 and 8, 2003. Appellant was found guilty of Criminal Attempt to Commit Criminal Homicide; guilty of Aggravated Assault Causing Serious Bodily Injury; guilty of Aggravated Assault Causing Bodily Injury with a Deadly Weapon; guilty of Possession of Firearms by a Minor; and guilty of Recklessly Endangering Another Person. A presentence investigation was ordered, and a sentencing hearing was scheduled for August 18, 2003.

A sentencing hearing was held on August 18, 2003. The Commonwealth did request the mandatory minimum sentence. The mandatory minimum was five year confinement for Criminal Attempt to Commit Criminal Homicide and Aggravated Assault charges.

The sentencing guidelines for Criminal Attempt to Commit Criminal Homicide, where there is serious bodily injury, with a prior record score of zero and an offense gravity score of 14, called for 90 to 240 months. The sentencing court found aggravating circumstances: there was a cooling off period after which [ ] [A]ppellant returned with a gun; the circumstances surrounding the shooting; [A]ppellant's casual regard to carrying and using weapons through his young and formative years; and [A]ppellant received four write-ups for inappropriate conduct between January 2003 and April 2003. The sentencing court also applied the use of a deadly weapon enhancement.

Given all of the above, the court sentenced Appellant to 15 to 30 years in a state correctional institution for the offense of Criminal Attempt to Commit Criminal Homicide; the aggravated assault and recklessly endangering charges merged for sentencing purposes. Appellant was sentenced to one to two years for the possession of a firearm by a minor charge; this was to run concurrently.

On September 16, 2003, Appellant filed a Notice of Appeal to the Pennsylvania Superior Court. Appellant failed to file a docketing statement pursuant to Pennsylvania Rule of Appellate Procedure 3517; as a result his appeal was dismissed by the Superior Court on November 10, 2003. In that time, Appellant's [c]ounsel, Stanley Silver filed a Petition to Withdraw as Counsel on October 6, 2003. On October 7, 2003, the Petition to Withdraw as Counsel was denied.

On November 30, 2006, Appellant filed a Limited Motion for Post-Conviction Collateral Relief. Appellant's 2006 PCRA Motion alleged that his counsel was ineffective for failing to file a docketing statement pursuant to Pa.R.A.P. 3517. Appellant requested that his appeal rights be reinstated. Attorney Richard Robinson was appointed to represent Appellant. On February 20, 2007, the Commonwealth filed a Motion to Dismiss Appellant's Motion for Post-Conviction Collateral Relief

A hearing was held on Appellant's PCRA Motion on February 20, 2007 before the Honorable Michael J. Brillhart. At that time the [c]ourt also considered the Commonwealth's Motion to Dismiss. At the hearing, the [c]ourt denied the Commonwealth's Motion to Dismiss. The [c]ourt reinstated Appellant's direct appeal rights.

On February 23, 2007, the Commonwealth filed a Notice of Appeal to the Pennsylvania Superior Court. The Commonwealth argued in the Statement of Matters Complained of on Appeal that the PCRA Court improperly granted Appellant's PCRA petition because [Appellant] filed the PCRA petition outside of the one-year statute of limitations and did not meet any of the exceptions. This case was docketed at 391 MDA 2007.

The Pennsylvania Superior Court remanded the case on September 18, 2007. The Superior Court directed the trial [c]ourt to make further findings into areas related to the timeliness of Appellant's filing of his PCRA petition. A hearing was held on the remand directive on November 2, 2007. Ultimately the Superior Court affirmed the ruling of the Trial Court on December 26, 2007.

On January 7, 2008, Appellant filed a Notice of Appeal to the Pennsylvania Superior Court. This Appeal was docketed at 76 MDA

2008. The issues in that appeal were: whether the evidence was sufficient to support the charge of criminal attempt to criminal homicide; and whether the trial court erred in denying the petition for decertification to juvenile court. The appeal was withdrawn and discontinued by Appellant on March 11, 2008.

On April 3, 2008 Appellant filed a Petition for Post-Conviction Collateral Relief. The issues in the PCRA Petition were that a violation of the Constitution of the Commonwealth or Constitution or laws of the United States which, in the circumstances of the particular case, so undermine the truth determining process that no reliable adjudication of guilt or innocence could have taken place; and [i]neffective assistance of counsel which, in the circumstances of the particular case, so undermine the truth determining process that no reliable adjudication of guilt or innocence could have taken place. A hearing was scheduled for May 27, 2008 to address the PCRA Petition; this was rescheduled to August 5, 2008. On October 9, 2008, the trial court denied Appellant's request for relief pursuant to the Post-Conviction Collateral Relief Act.

On October 9, 2008, Appellant filed a Notice of Appeal to the Pennsylvania Superior Court. This appeal was docketed at 1943 MDA 2008. The issue for this appeal was whether trial counsel was ineffective for a litany of reasons. On October 29, 2009, the Pennsylvania Superior Court affirmed the trial court's decision.

On November 19, 2009, Appellant filed a Petition for Allowance of Appeal to the Pennsylvania Superior Court. This was docketed at 862 MAL 2009. On May 5, 2010, the Superior Court denied Appellant's Petition.

On May 4, 2015, Appellant filed another Petition for Post-Conviction Collateral Relief. At the time, Appellant was not represented by [c]ounsel and the Petition was filed *pro se*. The PCRA alleged three issues: there was a violation of the Constitution which undermined the truth determining process; an illegal sentence was imposed; there was a violation of the Rule in Apprendi,[2] as interpreted by *Alleyne v. United States*, 133 S. Ct. 2151 ( 2013).

On January 14, 2016, Richard Robinson, Esquire, was reappointed to represent Appellant. Counsel was given 45 days to file any amendments to the petition. A Motion for Extension was filed on February 18, 2016. This Honorable Court granted the

_____

[2] ***Apprendi v. New Jersey***, 530 U.S. 466, 120 S.Ct. 2348 (2000).

Motion for Extension; Appellant had an additional 30 days to file any amendments to the PCRA Petition.

An amended Petition was filed on March 29, 2016. This Petition was titled Amended PCRA Petition/Habeas Corpus." Appellant requested that the petition be considered a habeas corpus action. Appellant sought to have his sentence vacated and to be resentenced. Appellant merely stated that his sentence was illegal; he presented no factual or legal arguments to support his conclusion.

On May 12, 2017, Appellant filed a *pro se* Petition to Amend Habeas Corpus/Appointment of New Counsel. This Petition alleged that [c]ounsel failed to amend the PCRA petition when he was contacted with new testimony from the victim Richard Newsom. The Petition also alleged that [c]ounsel failed to raise the claim that the mandatory sentence requested by the Commonwealth was illegal.

On May 17, 2018, Appellant filed a *pro se* Motion to Compel. Appellant requested an evidentiary hearing on the PCRA/Habeas Corpus Petition. A hearing was not held. Appellant filed a second *pro se* Motion to Compel on November 19, 2018. On November 27, 2018, Counsel for Appellant filed a Motion to Schedule Hearing on Appellant's PCRA Petition. A hearing was scheduled for January 3, 2019.

On January 3, 2019, a hearing on Appellant's petition for Post-Conviction Collateral Relief was held. At the hearing the Commonwealth moved to dismiss Appellant's Petition on the grounds that it was untimely. The Commonwealth argued that because Appellant's last direct appeal was completed March 11, 2008, he had one year from that date to file a PCRA Petition and the instant petition was not filed until May 2015. At the hearing, [c]ounsel merely stated that the Petition is a Habeas petition and not a Petition for Post-Conviction Collateral Relief. This [c]ourt granted the Commonwealth's Motion to Dismiss.

On January 30, 2019, Appellant filed this Notice to Appeal to the Pennsylvania Superior Court. On February 21, 2019, this Court issued a Concise Statement Order. On March 4, 2019, Appellant filed a Statement of Matters Complained of on Appeal. This Opinion in Support of Order follows.

At this point, Appellant has filed four Appeals with the Pennsylvania Supreme [sic] Court, including this one; the trial court has been affirmed in the first three appeals. Appellant also filed a Petition for Allowance to Appeal; this was denied. Appellant has filed three Petitions for Post-Conviction Collateral Relief; the third PCRA Petition was amended once by Appellant's [c]ounsel

and once by Appellant himself. Counsel's Amendment was the first time the Petition was referred to as a *Habeas Corpus* Petition.

Trial Court Opinion, filed 3/29/19, at 1-9.

In his brief, Appellant presents the following issue for our review:

1. Whether the trial court erred in dismissing Appellant's Petition for Writ of Habeas Corpus as untimely treating the petition as a PCRA petition.

Brief for Appellant at 4.

All PCRA petitions, including a second and subsequent one, must be filed within one year of when a defendant's judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). "A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). The Supreme Court of Pennsylvania has held that the PCRA's time restriction is constitutionally valid. ***Commonwealth v. Cruz***, 852 A.2d 287, 292 (Pa. 2004). In addition, our Supreme Court has instructed that the timeliness of a PCRA petition is jurisdictional; thus, if a PCRA petition is untimely, a court lacks jurisdiction over the petition. ***Commonwealth v. Callahan***, 101 A.3d 118, 120-121 (Pa.Super. 2014); ***see also Commonwealth v. Wharton***, 886 A.2d 1120 (Pa. 2005) (courts do not have jurisdiction over an untimely PCRA).

Herein, Appellant withdrew his direct appeal on March 11, 2008; therefore, his judgment of sentence became final on that date. ***See Commonwealth v. Conway***, 706 A.2d 1243, 1244 (Pa. 1997) (judgment of

sentence becomes final when direct appeal is discontinued). Thus, Appellant had until March 11, 2009, to file a timely PCRA petition. 42 Pa.C.S.A. § 9545(b)(1). The one before us, filed on May 4, 2015, is patently untimely.

A second or subsequent PCRA petition must be filed within one year of the date a judgment becomes final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition is met. *See* 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Appellant attempts to evade the timeliness requirements of the PCRA by arguing that the instant petition was not filed pursuant to the PCRA but rather is a petition for a writ of *habeas corpus*.

On March 29, 2016, Appellant amended the instant PCRA petition wherein he referred to the same as a Writ of Habeas Corpus. In his appellate brief, Appellant states that he is not alleging any claims of ineffective assistance of counsel in his petition. He asserts he had been "illegally sentenced . . . which resulted in his constitutional rights being violated" and that such a claim cannot be waived. Appellant posits that such an assertion "fall[s] outside of the eligibility requirements governing PCRA petitions for relief" because a challenge to the legality of a sentence "is not cognizable under the PCRA Act but more properly brought through a writ of habeas corpus." Brief for Appellant at 9.

To the contrary, it is axiomatic that the PCRA subsumes all other post-conviction remedies, including *habeas corpus* and *coram nobis* (***see*** 42 Pa.C.S.A. § 9542) and that the writ of *habeas corpus* can be used only when

there is no available remedy under the PCRA (**see**, **e.g.**, **Commonwealth v. Judge**, 916 A.2d 511 (Pa. 2007). Furthermore, it is well established that the timeliness requirements of a PCRA petition must be met, even if the underlying claim is a challenge to the legality of the sentence. **See Commonwealth v. Holmes**, 933 A.2d 57, 60 (Pa. 2007) ("Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto") (citing **Commonwealth v. Fahy**, 737 A.2d 214, 223 (Pa. 1999)).

Our Supreme Court has explained that:

[t]he plain language of Section 9542 demonstrates quite clearly that the General Assembly intended that claims that could be brought under the PCRA must be brought under that Act. No other statutory or common law remedy "for the same purpose" is intended to be available; instead, such remedies are explicitly "encompassed" within the PCRA.

**Commonwealth v. Descardes**, 136 A.3d 493, 499 (Pa. 2016) (internal alteration and citation omitted; emphasis removed). "Therefore, the question is whether Appellant's particular claim—an illegal sentencing claim—is a claim that is cognizable under the PCRA. **See id**. It clearly is. 42 Pa.C.S.A. § 9543(a)(2)(vii); **see also Commonwealth v. Ciccone**, 152 A.3d 1004, 1006 (Pa. Super. 2016) (**en banc**), **appeal denied**, 169 A.3d 564 (Pa. 2017)." **Commonwealth v. Montgomery**, 181 A.3d 359, 367-68 (Pa.Super. 2018) **appeal denied**, 190 A.3d 1134 (Pa. 2018). Accordingly, Appellant's argument that his *habeas* petition is not a PCRA petition is devoid of any support in the law, and the PCRA court properly construed Appellant's petition as a PCRA petition subject to timeliness requirements. **Id**.

In light of the foregoing, the instant petition is facially untimely, and Appellant does not allege, let alone prove, the applicability of any exception

to the time-bar. *See* 42 Pa.C.S.A. §§ 9545(b)(1)(i)-(iii).[3] Indeed, Appellant readily admits that other than the "sentencing issues" in light of which he requests the instant petition be "considered a habeas corpus action," no other claims exist. *See* Amended PCRA Petition/Habeas Corpus, 3/29/16, at ¶¶ 9, 11; Appellant's Brief at 9. Accordingly, we have no jurisdiction to entertain the merits of the underlying petition, and we affirm the order of the PCRA court.[4]

---

[3] To the extent Appellant may have attempted to satisfy 42 Pa.C.S.A. § 9545(b)(1)(iii) by referencing in his PCRA petition ***Alleyne v. United States***, 570 U.S. 99, 99 (2013) wherein the United States Supreme Court held that any fact that increases the mandatory minimum sentence for a crime must be submitted to the jury, Appellant failed to develop such an argument in his appellate brief. As a result, it is waived. ***See Commonwealth v. Luktisch***, 680 A.2d 877, 879 n.1 (Pa. 1996) (holding that an issue is waived where the defendant failed to develop an argument in his appellate brief and cited no authority).

[4] We note that for claims arising prior to December 24, 2017, a petitioner invoking an exception must file his petition within 60 days of the date he or she could have presented the claim. ***See*** Act 2018, Oct. 24, P.L. 894, No. 146, § 2 and § 3. Effective December 24, 2018, Act 146 of 2018 amended 42 Pa.C.S.A. § 9545(b)(2), and now provides that a PCRA petitioner invoking a timeliness exception must file the petition within one year of the date the claim could have been presented, for all claims arising after December 24, 2017. ***See*** Act 2018, Oct. 24, P.L. 894, No. 146, § 2 and § 3. For this reason, even had Appellant properly preserved a challenge under ***Alleyne*** in his appellate brief, he did not file his petition within sixty days of the Alleyne decision, and this Court has held that "neither the [Pennsylvania] Supreme Court nor the Supreme Court of the United States has held that ***Alleyne*** is to applied retroactively to cases in which the judgment of sentence has become final." ***Commonwealth v. Miner***, 102 A.3d 988, 995 (Pa.Super. 2014). Therefore, he would not be eligible for relief based upon the newly-recognized constitutional right exception to the PCRA time bar.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/22/2019