J-A08029-22

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| KEVIN R. SHAY | : | |
| Appellant | : | No. 863 WDA 2021 |

Appeal from the Order Entered July 7, 2021
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0000290-2006

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| KEVIN R. SHAY | : | |
| Appellant | : | No. 864 WDA 2021 |

Appeal from the Order Entered July 7, 2021
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0000918-2007

BEFORE:  BENDER, P.J.E., LAZARUS, J., and McCAFFERY, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED: JULY 29, 2022**

Kevin R. Shay appeals, *pro se*, from the orders[1] entered in the Court of

Common Pleas of Allegheny County, dismissing his most recent petition filed

---

[1] Shay  has complied with the dictates of **Commonwealth v. Walker**, 185
*(Footnote Continued Next Page)*

pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. After careful review, we affirm.

This case has a long and somewhat convoluted procedural history, which, in relevant part, is summarized below.

On December 7, 2005, at CP-02-CR-0000290-2006 (No. 290-2006), Shay was charged with sexual abuse of children and related offenses. While Shay was on bond for that case, he used a computer to disseminate images of child pornography to an undercover detective. Accordingly, on November 29, 2006, at CP-02-CR-0000918-2007 (No. 918-2007), Shay was charged with sexual abuse of children and related offenses.

On May 17, 2007, Shay appeared before the Honorable Donna Jo McDaniel where he entered a general guilty plea at Nos. 290-2006 and 918-2007 to all counts. The court sentenced Shay to six months' house arrest and a concurrent period of three years' probation. Shay did not file a direct appeal or post-sentence motions.

Shay subsequently violated the terms of his probation, and on March 30, 2010, Shay attended a probation violation hearing and the court resentenced him to a new term of three years' probation.

_____

A.3d 969 (Pa. 2018), which requires the filing of "separate appeals from an order that resolves issues arising on more than one docket." *Id.* at 977. Shay filed separate notices of appeal, at 836 WDA 2021 and 864 WDA 2021, on July 30, 2021. We have consolidated Shay's appeals *sua sponte*. **See** Order, 7/30/21; **see also** Pa.R.A.P. 513.

Shay again violated the terms of his probation, and on March 15, 2011, Shay, represented by Attorney Lea Bickerton, Esquire, was resentenced to eight to sixteen months' imprisonment, with an additional term of two years' probation. On March 25, 2011, Attorney Bickerton filed a motion to reconsider sentence, which was denied. Shay did not file a direct appeal. On July 9, 2011, Judge McDaniel paroled Shay.

On October 25, 2011, Shay filed his first *pro se* PCRA petition. On January 17, 2012, his court-appointed attorney, Scott Coffey, Esquire, filed an amended PCRA petition, requesting reinstatement of his appellate rights *nunc pro tunc* due to ineffective assistance of counsel. Attorney Coffey argued that Attorney Bickerton was ineffective for failing to file a requested direct appeal to this Court following the probation violation resentencing on March 15, 2011. On May 15, 2012, Judge McDaniel granted Shay's PCRA petition and reinstated his appellate rights, *nunc pro tunc*. On June 13, 2012, Shay filed a *nunc pro tunc* notice of appeal. On February 26, 2013, this Court affirmed Shay's judgment of sentence. **Commonwealth v. Shay**, 925 WDA 2012 (Pa. Super. 2013) (unpublished memorandum opinion). On March 23, 2013, Shay filed a petition for allowance of appeal with the Supreme Court of Pennsylvania. On May 26, 2013, the Supreme Court entered an order noting that it had discontinued the appeal. Praecipe for Discontinuance, 5/26/13, at 1.

On March 18, 2013, Shay filed another *pro se* PCRA petition. On June 5, 2013, Attorney Coffey subsequently filed a **Turner**/**Finley**[2] no-merit letter and petition to withdraw. On June 18, 2013, the Honorable Jill E. Rangos[3] dismissed Shay's petition without a hearing, **see** Pa.R.Crim.P. 907, concluding it was untimely. Shay did not appeal from this order.

On October 29, 2013, Shay attended a third probation violation hearing for failing to register as a sex offender and other technical probation violations. Judge Rangos revoked his probation and resentenced him to an aggregate term of six to thirteen years' imprisonment. On October 30, 2013, the Office of the Public Defender of Allegheny County filed a motion to reconsider sentence, which was denied on November 14, 2013. On November 26, 2013, Assistant Public Defender John Ciroli, Esquire, filed a notice of appeal. On July 10, 2014, this Court issued a notice of discontinuance, acknowledging that the appeal had been discontinued. Praecipe for Discontinuance, 7/10/14, at 1.

On November 14, 2013, Shay filed another *pro se* PCRA petition. On March 12, 2014, Shay filed a motion to withdraw the petition, which Judge Rangos granted on March 14, 2014.

---

[2] **See Pennsylvania v. Finley**, 481 U.S. 551 (1987); **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988).

[3] On December 3, 2012, Judge McDaniel recused, and the case was reassigned to Judge Rangos.

On September 9, 2014, Shay filed yet another *pro se* PCRA petition, challenging the legality of the six-to-thirteen-year sentence imposed at the October 29, 2013 probation violation hearing. The PCRA court appointed counsel, and, on December 18, 2014, counsel filed an amended PCRA petition on behalf of Shay. Counsel argued that Shay was not awarded the proper credit for time served, and, accordingly, his sentence was illegal because it exceeded the statutory maximum. On March 16, 2015, Judge Rangos awarded Shay an additional 185 days of credit for time served for the period of October 2, 2009 to April 5, 2010.

On April 1, 2015, Shay filed a counseled appeal to this Court challenging the legality of his sentence. In his Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, Shay argued that he was entitled to more than 185 days of time credit awarded by the trial court, and, thus, his sentence was illegal. However, on June 1, 2015, counsel filed a notice of intent to file an **Anders**[4] brief on the time credit issue. On July 15, 2015, Judge Rangos filed a Pa.R.A.P. 1925(a) opinion requesting this Court vacate the March 16, 2015 sentencing order and remand the case back to the trial court for a resentencing hearing. On September 16, 2015, we vacated the March 16, 2015 judgment of sentence and remanded the case to the trial court for resentencing. Order, 9/16/15, at 1. On December 11, 2015, Judge Rangos

_____

[4] **See Anders v. California**, 386 U.S. 738 (1967).

vacated the sentence imposed on October 29, 2013, and resentenced Shay to an aggregate term of six to twelve years' imprisonment. Judge Rangos noted that the March 16, 2015 order granting 185 days of time credit was still in effect.

On February 24, 2016, Shay filed another *pro se* PCRA petition in the form of a motion for time credit. On December 22, 2016, the PCRA court appointed new counsel, who filed an amended petition. Attorney Santoriella argued that Shay's sentence was illegal and his former PCRA counsel was ineffective for failing to raise that claim in a post-sentence motion. On May 24, 2017, Judge Rangos denied Shay's PCRA petition as having been previously litigated on December 11, 2015.

On September 1, 2017, Shay filed yet another *pro se* PCRA petition. On July 11, 2018, Judge Rangos dismissed the petition as time-barred after appointed counsel had filed a ***Turner***/***Finley*** no-merit letter. On September 25, 2018, Shay filed another *pro se* PCRA petition, which he titled as a motion for correction of sentence. On January 9, 2019, Judge Rangos dismissed that petition, noting that the petition was untimely, that no timeliness exception applied, and that the "issue of time credit ha[d] been previously litigated." ***See*** Order Denying PCRA Petition, 1/9/19.

On August 14, 2019, the Commonwealth filed a motion for time credit, acknowledging that Shay did not receive time credit for the period of time between sentencing hearings from October 29, 2013 to December 11, 2015.

On December 24, 2019, Shay filed a *pro se* motion for correction of sentence, stating that the Department of Corrections (DOC) advised him that Judge Rangos forwarded the original October 29, 2013 sentencing order that was vacated and replaced by the December 11, 2015 sentencing order.  Thus, the DOC refused to credit the time.  Shay requested that Judge Rangos send the December 11, 2015 sentencing order that awarded time credit from September 12, 2012 to October 29, 2013 to the DOC.  On January 8, 2020, Judge Rangos attached several previous orders addressing the issue of time credit and directed that they be forwarded to the DOC.

On June 10, 2020, Shay filed a *pro se* motion for time served.  On June 16, Shay filed a motion to revise the November 4, 2019 sentencing order.  On July 15, 2020, Judge Rangos issued a corrected sentencing order granting time credit of 406 days for the period from September 19, 2012 to October 29, 2013.

From July 24, 2020 to August 21, 2020, Shay filed two more *pro se* motions for time served and one to enforce such motions .  On March 4, 2021, Judge Rangos issued an order addressing the various motions, stating:

> [Shay] filed a Motion for Time Served on 8/24/20, which this [c]ourt treated as [a] PCRA Petition, and granted it to the extent that this [c]ourt found as follows: that at [No.] 290-2006, [Shay] is entitled to time credit for the following time periods: 9/19/2012 – 12/11/2015, and 10/2/2009 – 3/30/2010, a total of 1380 days; and at [No.] 918-2007, [Shay] is entitled to time credit for the following time periods: 9/19/2012 – 12/11/2015, and 3/31/2010

– 4/5/2010, a total of 1186    days. On November 6, 2020,[5] this [c]ourt entered orders correcting the 10/29/13 [o]rders of [c]ourt to include the time credits listed above. [Shay] is not entitled to any further time credit or further relief.

Order, 3/4/21. Shay filed a notice of appeal from this order, which this Court quashed on April 21, 2021, for failure to file a Rule 1925(b) statement.[6] *See* Order, 4/21/21.

On July 1, 2021, Shay filed a *pro se* motion for time credit of 379 days, which Judge Rangos denied on July 6, 2021. Judge Rangos treated this motion as a serial PCRA petition, stating all time credit issues had been addressed and disposed of in the March 4, 2021 order. Further, the court explained that Shay had had multiple opportunities to fully litigate the issues and any such further attempts were barred by *res judicata*.

On July 13, 2021, Shay filed a timely notice of appeal a notice from the July 6, 2021 order. In his Rule 1925(b) statement, Shay claimed that the trial court erred "in failing to grant additional time credit of 379 days." Pa.R.A.P 1925(b) Statement, 7/30/21, at 2. On August 16, 2021, Judge Rangos filed a Rule 1925(a) opinion wherein she explained that issues of time credit were previously litigated and waived and barred from being raised under the doctrine of *res judicata*. *See* 42 Pa.C.S. § 9544. Shay raises the following

---

[5] Although not necessary to our disposition, we are unable to locate the November 6, 2020 order in the record before us.

[6] Shay also indicated his desire to discontinue the appeal.

issue on appeal: "Did the [PCRA] court err[] when it failed to credit all time spent in custody in the Allegheny County Jail for previous probation violations [after] the revocation of his probation and imposing a state sentence?" Brief for Appellant, 1/3/22, at 6.

Our standard and scope of review on appeal from a denial of PCRA relief is limited to "whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error." **See Commonwealth v. Small**, 238 A.3d 1267, 1280 (Pa. 2020) (citation omitted). The "scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the PCRA court level." **Commonwealth v. Koehler**, 36 A.3d 121, 131 (Pa. 2012) (citation omitted). The PCRA court's credibility determinations that are supported by the record are binding. **Commonwealth v. Spotz**, 18 A.3d 244, 259 (Pa. 2011). Nevertheless, we "appl[y] a *de novo* standard of review to the PCRA court's legal conclusions." **Id.** Further, there is no absolute right to a PCRA hearing, and we review a dismissal "to determine whether the PCRA court erred in concluding that there were no genuine issues of material fact and in denying relief without an evidentiary hearing." **Commonwealth v. Burton**, 121 A.3d 1063, 1067 (Pa. Super. 2015) (en banc) (citation omitted).

Under the PCRA, all petitions "shall be filed within one year of the date the judgment [of sentence] becomes final." 42 Pa.C.S. § 9545(b)(1). A

judgment of sentence becomes final "at the conclusion of direct review . . . or at the expiration of time for seeking the review." *Id.* at (b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. *Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010).

Here, Shay was resentenced on October 29, 2013, to six to thirteen years' imprisonment, following his third probation violation hearing. On October 30, 2013, the Office of the Public Defender filed a motion to reconsider the sentence, which was denied on November 14, 2013. On November 26, 2013, Shay filed a timely notice of appeal to this Court. However, this appeal was discontinued on July 10, 2014. Since Shay discontinued his appeal, his judgment of sentence became final on July 10, 2014. *See Commonwealth v. McKeever*, 947 A.2d 782, 785 (Pa. Super. 2008); *see also Commonwealth v. Conway*, 706 A.2d 1243 (Pa. Super. 1997) (judgment of sentence final for PCRA purposes when appeal is discontinued voluntarily). Accordingly, Shay had until July 10, 2015 to file any and all PCRA petitions.

Shay's instant pleading, a motion for time credit, was filed on July 1, 2021, which Judge Rangos properly construed as a PCRA petition. *See Commonwealth v. Jackson*, 30 A.3d 516, 521 (Pa. Super. 2011) ("any petition filed after the judgment of sentence becomes final will be treated as

a PCRA petition") (citation omitted).[7]  Accordingly, it was filed six years after the deadline for filing a timely PCRA petition and, thus, is patently untimely. *See* 42 Pa.C.S. § 9545(b)(3).

However, a PCRA petition may be filed beyond the one-year time period if the petitioner pleads and proves one of the following three exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id.* at § 9545(b)(1)(i-iii).  Any petition attempting to invoke these exceptions "shall be filed within 60 days of the date the claim could have been presented."[8]  *Id.* at § 9545(b)(2).  The petitioner has the burden of alleging and proving one of the three timeliness exceptions.  *Id.*

---

[7] Additionally, a challenge to the legality of a trial court's alleged failure to award credit for time served presents a cognizable claim in PCRA proceedings. *Commonwealth v. Heredia*, 97 A.3d 392, 395 (Pa. Super. 2014).

[8] Section 9545(b)(2) was amended on October 24, 2018, effective in 60 days (*i.e.*, December 24, 2018), extending the time for filing from 60 days of the date the claim could have been first presented, to one year.  The amendment applies to claims arising on December 24, 2017, or thereafter.  *See* Act 2018, Oct. 24, P.L. 894, N. 146, § 3.  Instantly, Shay's claim originated, at the latest, in 2010, well before December 24, 2017, and therefore, the original 60-day time limit applies.

Shay claims he is entitled to time credit for the following periods of time served in the Allegheny County Jail.

1. December 10, 2005 – December 16, 2005 = 6 days
2. November 29, 2006 – May 25, 2007 = 178 days
3. October 28, 2008 – November 6, 2008 = 9 days
4. October 2, 2009 – April 5, 2010 = 186 days

Total = 379 days

Brief for Appellant, 1/3/22, at 9. However, Shay makes no attempt to satisfy an exception to the time bar. Rather, Shay merely avers that the Allegheny County Jail records will reflect that the mentioned dates were served in this matter. ***Id.***

As noted, Shay fails to plead and prove any of the exceptions to the PCRA time-bar. ***See Commonwealth v. Fowler***, 930 A.2d 586, 592 (Pa. Super. 2007) ("although legality of sentence is always subject to review within the PCRA, claims **must still** first satisfy the PCRA's time limits or one of the exceptions thereto") (emphasis added). Accordingly, Shay's petition is time-barred, and we affirm the PCRA court's dismissal of the petition.[9] ***See Albrecht, supra***.

_____

[9] Moreover, to the extent that Shay takes issue with the DOC's computation of his time credit, his recourse is to file an action in the Commonwealth Court. ***See Heredia***, 97 A.3d at 395 (appropriate vehicle to challenge DOC's time credit computations is an original action in Commonwealth Court).

Based on the foregoing, we affirm the PCRA court's dismissal of Shay's PCRA petition.[10]

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/29/2022

_____

[10] In addition to the timeliness requirements of the PCRA, Shay must also be eligible for relief under the statute. **See** 42 Pa.C.S. § 9543(a)(3) ("To be eligible for relief under this subchapter, the petitioner must plead and prove by a preponderance of the evidence . . . [t]hat the allegation of error has not been previously litigated[.]"). A specific issue has been previously litigated if: "it has been raised and decided in a proceeding collaterally attacking the conviction or sentence." **Id.** at § 9544(a)(3). Here, Shay has previously litigated issues of time credit for 12/10/05 – 12/16/05, 11/29/06 – 5/25/07, 10/28/08 – 11/6/08, and 10/2/09 – 4/5/10, in prior post-conviction filings, so he is precluded from raising this claim for these time periods in the instant proceeding. Specifically, on December 18, 2014, Shay raised the issue of time credit for the above periods. On March 16, 2015, Judge Rangos awarded Shay 185 days of time credit for the period of 10/2/09 – 4/5/10. On June 10, 2020, Shay filed a motion for time served and again requested credit for these time periods in addition to a few other periods. Judge Rangos awarded time credit for some of the dates provided but explicitly denied credit for the time periods at issue in the instant pleading. Shay again raised the issue of time credit for these periods on July 24 and August 21, 2020, which Judge Rangos addressed in her opinion on March 4, 2021. Accordingly, the issue of time credit for the above periods has been litigated multiple times and cannot be raised again. **Cf. Commonwealth v. Peterkin**, 722 A.2d 638, 642-43 (Pa. 1998) ("At some point[,] litigation must come to an end. The purpose of law is not to provide convicted criminals with the means to escape well-deserved sanctions, but to provide a reasonable opportunity for those who have been wrongly convicted to demonstrate the injustice of their conviction.").