J-A12028-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| COREY TAYLOR | : | |
| | : | |
| Appellant | : | No. 967 EDA 2024 |

Appeal from the PCRA Order Entered March 12, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0008064-2014

BEFORE:  STABILE, J., DUBOW, J., and SULLIVAN, J.

MEMORANDUM BY DUBOW, J.:                                **FILED MAY 14, 2025**

Appellant, Corey Taylor, appeals *pro se* from the order dismissing his second petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46, as meritless.  He asserts that the PCRA court erred in denying him relief based on his claims of ineffective assistance of counsel.  After careful review, we affirm, *albeit* on different grounds.

We glean the relevant procedural history from the PCRA court opinion.  On May 28, 2014, the Commonwealth arrested Appellant and charged him with, *inter alia*, Rape of a Child, Unlawful Contact with a Minor, and Corruption of Minors.  After Appellant's first trial ended in a mistrial, the jury in his second trial convicted him of the above charges on December 13, 2016.

On June 23, 2017, the court sentenced Appellant to concurrent terms of 16 to 32 years' incarceration for Unlawful Contact with a Minor and Rape of a Child, as well as a concurrent term of 2 to 4 years' incarceration for Corruption

of Minors. This Court affirmed Appellant's judgment of sentence on December 9, 2019. *Commonwealth v. Taylor*, 2019 WL 6705015 (Pa. Super. Dec. 9, 2019). Appellant filed a petition for allowance of appeal to the Pennsylvania Supreme Court. His judgment of sentence became final when he voluntarily discontinued the appeal on February 4, 2020.[1]

On April 10, 2020, Appellant filed a timely first PCRA petition alleging several claims of ineffective assistance of his trial counsel, Olwyn Conway, Esq., including the failure to argue that Appellant's sentence for Unlawful Contact with a Minor exceeded the statutory maximum. The PCRA court appointed Stephen O'Hanlon, Esq., to represent Appellant. The PCRA court granted relief on that claim and resentenced Appellant on his Unlawful Contact with a Minor conviction only to 5 to 10 years' incarceration, which did not disturb the overall sentencing scheme. The court denied relief on Appellant's remaining claims. This Court affirmed on December 8, 2021, and our Supreme Court denied his petition for allowance of appeal on April 19, 2022. *Commonwealth v. Taylor,* 2021 WL 5826712 (Pa. Super. Dec. 8, 2021), *appeal denied*, 277 A.3d 124 (Pa. 2022).

---

[1] An appellant's judgment of sentence becomes "final when his direct appeal [is] discontinued at his request." *Commonwealth v. Conway*, 706 A.2d 1243, 1244 (Pa. Super. 1997).

On March 21, 2023, Appellant *pro se* filed the instant PCRA petition, his second,[2] which asserted claims of ineffective assistance of both Attorney Conway and Attorney O'Hanlon. PCRA Pet., 3/21/23, at 3; Attachment. He also asserted that his petition was timely based on the newly-discovered fact, governmental interference, and newly-recognized constitutional rights exceptions to the PCRA's time bar. *Id.* at 2. Appellant also *pro se* filed an amended petition raising the same timeliness exceptions. Amended Pet., 4/4/23, at 1.

The court appointed William Love, Esq. On February 5, 2024, Attorney Love filed a **Turner**/ **Finley**[3] no-merit letter, which concluded that Appellant's claims were meritless or had been previously litigated. **Turner**/**Finley** letter, 2/5/24, at 1-4. On February 9, 2024, the PCRA court issued a Pa.R.Crim.P. 907 Notice of Intent to Dismiss, stating that Appellant's claims were

_____

[2] In **Commonwealth v. McKeever**, we explained that a "a successful first PCRA petition does not 'reset the clock' for the calculation of the finality of the judgment of sentence for purposes of the PCRA where the relief granted in the first petition neither restored a petitioner's direct appeal rights nor disturbed his conviction, but, rather, affected his sentence only." 947 A.2d 782, 785 (Pa. Super. 2008) (citing **Commonwealth v. Dehart**, 730 A.2d 991, 994 n. 2 (Pa. Super. 1999)). Here, Appellant's resentencing on his Unlawful Contact with a Minor conviction did not disturb his conviction or reinstate his direct appeal rights. Accordingly, Appellant's partially successful first PCRA petition did not affect the finality of his sentence for his unaffected convictions and the instant PCRA is his second, not his first.

[3] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988)(*en banc*).

meritless.[4]  Rule 907 Notice, 2/9/24.  The court then dismissed the petition and permitted Attorney Love to withdraw on March 11, 2024.

Appellant *pro se* filed a timely notice of appeal.  Both he and the PCRA court complied with Pa.R.A.P. 1925.

Appellant raises the following issues for our review:

1. Did the PCRA court err in dismissing Appellant's PCRA petition because [p]ost-[c]onviction counsel Stephen O'Hanlon was ineffective for failing to effectively develop[] and argue a claim challenging trial counsel[']s effectiveness for failure to object to [Appellant's] presence at a critical/vital stage of trial?

2. Did the PCRA court err in dismissing Appellant's PCRA petition because [p]ost-[c]onviction [counsel] Stephen O'Hanlon was ineffective for requesting a special jury interrogatory/special verdict, a practice that has been condemned in almost all jurisdictions.

3. Did the PCRA court err in dismissing Appellant's PCRA petition because trial counsel Olwyn Conway and Post-Conviction counsel Stephen O'Hanlon w[ere] ineffective for not raising the claim that the trial court abused its discretion for not holding an evidentiary hearing to examine the circumstances surrounding and substance of the question presented during deliberation of [Appellant's] prior conviction.

4. Did the PCRA court err in dismissing Appellant's PCRA petition because [p]ost-[c]onviction counsel William Love was ineffective for filing a ***Finley*** letter and for failing to raise claims that had merit and would have granted [A]ppellant an evidentiary hearing.

Appellant's Br. at 4.

***

---

[4] Neither the ***Turner***/***Finley*** letter nor the Rule 907 Notice addressed timeliness.

We review the denial of a PCRA petition to determine whether the record supports the PCRA court's findings and whether its order is otherwise free of legal error. *Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa. 2014). This Court grants great deference to the findings of the PCRA court if they are supported by the record. *Commonwealth v. Boyd*, 923 A.2d 513, 515 (Pa. Super. 2007). "We give no such deference, however, to the court's legal conclusions." *Commonwealth v. Smith*, 167 A.3d 782, 787 (Pa. Super. 2017).

As a preliminary matter, the timeliness of a PCRA petition is a jurisdictional prerequisite. *Commonwealth v. Hackett*, 956 A.2d 978, 983 (Pa. 2008). Pennsylvania law is clear that no court has jurisdiction to hear an untimely PCRA petition. *Commonwealth v. Robinson*, 837 A.2d 1157, 1161 (Pa. 2003). To obtain relief under the PCRA, a petition must be filed within one year of the date the judgment of sentence became final. 42 Pa.C.S. § 9545(b)(1). Appellant's petition, filed 3 years after his judgment of sentence became final, is facially untimely.

Pennsylvania courts may consider an untimely PCRA petition, however, if the petitioner pleads and proves one of the three exceptions to the time bar set forth in Section 9545(b)(1)—the government interference, newly discovered fact, and new constitutional right exceptions. Any petition invoking a timeliness exception must be filed within one year of the date the claim could have been presented. 42 Pa.C.S § 9545(b)(2). Finally, "[i]t is an appellant's burden to persuade this Court that the PCRA court erred, and that

relief is due." *Commonwealth v. Feliciano*, 69 A.3d 1270, 1275 (Pa. Super. 2013) (citation omitted).

*

In his petition, Appellant raised all three of the Section 9545(b)(1) exceptions. We will address each exception in turn.

First, the government interference exception requires proof that "the failure to raise the claim previously was the result of interference by government officials[.]" 42 Pa.C.S. § 9545(b)(1)(i); *see also Commonwealth v. Abu-Jamal*, 941 A.2d 1263, 1268 (Pa. 2008). This requires the petitioner to show that, due to the interference of a government official, he could not have filed his claim earlier. *Commonwealth v. Vinson*, 249 A.3d 1197, 1205 (Pa. Super. 2021). Importantly, "'government officials' shall not include defense counsel, whether appointed or retained." 42 Pa.C.S. § 9545(b)(4).

In his petition, Appellant asserted that he met the government interference exception because he "intend[ed] to prove [his] claim was late due to governmental interference by showing: [o]nly the [p]ublic defender, [t]he Commonwealth, and [t]he trial judge had knowledge of the claim at the time of trial[,] all of whom are government officials." PCRA Pet. at 2. However, his defense counsel does not constitute a government official. 42 Pa.C.S. § 9545(b)(4). Appellant also failed to put forth any argument establishing how the Commonwealth or the trial judge prevented him from

raising any of his claims earlier. Accordingly, he has failed to plead and prove the applicability of the governmental interference exception to the time bar.

\*

Appellant also asserts that his claims meet the newly-discovered fact exception. PCRA Pet. at 2. To establish the newly-discovered facts exception to the time bar, a petitioner must plead and prove that "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence." 42 Pa.C.S. § 9545(b)(1)(ii).

Relevantly, "a petitioner's belief that he has uncovered a colorable claim of ineffectiveness by prior counsel does not entitle [him] to an exception to the timeliness requirements." **Commonwealth v. Crews**, 863 A.2d 498, 503 (Pa. 2004). Furthermore, our Court has held that decisional law does not constitute a fact for the purpose of the newly-discovered fact exception. **Commonwealth v. Kennedy**, 266 A.3d 1128, 1135 (Pa. Super. 2021). Finally, our Supreme Court has held that **Commonwealth v. Bradley**, 261 A.3d 381 (Pa. 2021), which permitted petitioners to assert the ineffectiveness of PCRA counsel for the first time on appeal, "did not create an exception to the PCRA's time-bar." **Commonwealth v. Laird**, 331 A.3d 579, 598 (Pa. 2025).[5]

---

[5] In **Bradley**, the Supreme Court also clarified that that "an approach favoring the consideration of ineffectiveness claims of PCRA counsel ... does not sanction extra-statutory serial petitions." **Bradley**, 261 A.3d at 403.

Appellant claims that he has satisfied the newly-discovered facts exception because "Post-Conviction Counsel's ineffectiveness and the legal right to challenge his ineffectiveness was unknown until now." PCRA Pet. at 2. However, a claim of ineffective assistance of counsel does not entitle a petitioner to an exception to the time bar. *Crews*, 863 A.2d at 503. Furthermore, decisional law, such as *Bradley*, cannot constitute a newly-discovered fact, and *Bradley* did not create any other exceptions to the time bar. Accordingly, Appellant has failed to plead and prove the newly-discovered fact exception.

\*

Finally, Appellant asserts that he has met the newly-recognized constitutional right exception. PCRA Pet. at 2-3. The newly-recognized constitutional right exception to the time bar requires that the newly established constitutional right was recognized by the Supreme Court of the United States or the Pennsylvania Supreme Court and "has been held" by that court to apply retroactively. 42 Pa.C.S. § 9545(b)(1)(iii). Because "has been held" is in the past tense, the legislature clearly intended that the right was already recognized at the time the petition was filed, "*i.e.*, that the court has already held the new constitutional right to be retroactive to cases on collateral review." *Commonwealth v. Spotz*, 171 A.3d 675, 679 (Pa. 2017) (citation and internal quotation marks omitted).

Appellant claims that he has satisfied the newly-recognized constitutional right exception because

[t]he Supreme Court of the United States or the Commonwealth of Pennsylvania has recognized the following retroactive constitutional [*sic*] rights after my period for filing: ***Commonwealth v. Bradley*** 261 A.3d 381 [()2021[)]. The right to effective assistance of counsel on post-conviction. The right to file ineffectiveness on p[o]st-conviction counsel after the [t]en days or up to the one year, for subsequent post-conviction filings.

PCRA Pet. at 2-3.

Although this Court has not addressed the applicability of ***Bradley*** to the newly recognized constitutional right exception in a published decision, several unpublished decisions have rejected the argument. ***See Commonwealth v. Ruiz-Figueroa***, 2023 WL 4115626 at *2 (Pa. Super. filed June 22, 2023) (collecting cases).[6] This is consistent with our Supreme Court's holding that ***Bradley*** did not create any exceptions to the PCRA's time-bar. ***Laird***, 331 A.3d at 598. Accordingly, Appellant's invocation of ***Bradley*** fails to satisfy the newly-recognized constitutional right exception to the time bar.

Appellant has failed to plead and prove the applicability of any of the statutory exceptions to the time bar in his PCRA petitions. Accordingly, we are without jurisdiction to address his claims. We, thus, affirm the dismissal of his second PCRA petition.[7]

---

[6] ***See*** Pa.R.A.P. 126(b) (unpublished non-precedential decisions of the Superior Court filed after May 1, 2019, may be cited for their persuasive value).

[7] In its opinion, the PCRA court did not address the timeliness of Appellant's petition—instead, it determined that Appellant's claims were meritless, and that some were previously litigated. ***See generally***, PCRA Ct. Op. However,

*(Footnote Continued Next Page)*

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/14/2025

---

an appellate court can affirm a valid judgment for any reason supported by the record. **Commonwealth v. Conforti**, 303 A.3d 715, 729 (Pa. 2023).